IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SAMUEL SHIPKOVITZ, ]
]
Plaintiff, ]
]
v. ] Civil Action No. 07-1053
] (RCL)
WASHINGTON POST COMPANY, et al., ]
]
Defendants. ]

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION OF DEFENDANTS MARY CURTIUS AND LOUISE DiMATTEO TO DISMISS OR TRANSFER VENUE**

NOW COMES PLAINTIFF Samuel Shipkovitz, who hereby moves this Court for an extension of time of at least 3 weeks to respond to the Motion of Defendants Curtius and DiMatteo to Dismiss and Transfer Venue. Plaintiff will agree to whatever this court desires to keep this case in this Court in the District of Columbia. The Plaintiff attached hereto his Verification of Complaint. A detailed Memorandum of Points and Authorities is attached. For his reasons for said extension request, the Plaintiff states as follows:

1. The Plaintiff has serious medical problems which severely limit his speed of doing almost anything as discussed below. In addition to his herniated disc, he has colon problems, blood discharges, continuous ENT nasal drip, and many cracked and broken-off teeth (caused by DiMatteo preventing Plaintiff from finding his "night guard" and ordering the Arlington Fire Marshall not to let Plaintiff into his rental unit to find same after their unlawful entry, among others ) which require over $11,000 of repairs, if even repairable in some, which even slows his eating, He spends considerable time in medical offices and hospital specialties.

**RECEIVED**

OCT 1 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

2. The Plaintiff has been and continues to attempt to find and retain an attorney to represent him, the efforts of which are detailed below. Plaintiff hopes for additional time for said purpose.

3. The Plaintiff has serious financial problems; his business was destroyed by Ms. DiMatteo and her friend Martin Yeager, who broke off Plaintiff's lock, trespassed into Plaintiff's rented condo, converted/unlawfully removed Plaintiff's belongings and files, and stole anything of value and threw out Plaintiff's files. As he is now 60 years old, no one seems to wish to employ him, despite his many degrees, and prior experience in several fields. As a result even his transportation needs need be borrowed.

As this court granted the Washington Post a three week extension of time *sue sponte*, there, hopefully, should not be a problem. Thank you in this matter.

Respectfully submitted,

/Samuel Shipkovitz
Samuel Shipkovitz
Plaintiff pro se

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION OF DEFENDANTS MARY CURTIUS AND LOUISE DiMATTEO TO DISMISS OR TRANSFER VENUE

### FACTS

I. MEDICAL REASONS

Plaintiff has suffered the transformation of a bulging back disc to herniated, which caused him to be confined primarily to bed for several months to, still hopefully avoid special injections and surgery. As a result he can only walk slowly, and thus to limit pain limits the time he can get to and use the Pitt Law School, Allegheny County Law Library, and Catholic U. Law School libraries. His colon problems cause obvious problems, as does his discharge problems, the latter of which cause has still not been determined despite many tests.

## II.  ATTEMPTS TO OBTAIN COUNSEL

A. Plaintiff would prefer being represented by counsel. Pro se's do not, in reality, get treated fairly. Plaintiff has contacted Mark Zaid (sued John Murtha for libel), John Ates (defended publisher of sex scandal on Capitol Hill), and via his mother's friend Mrs. Sugarman ( whose deceased husband was managing partner of BakerHostetler and GC of SOHIO/BP) , who referred him to Bruce Sanford, who would be the perfect attorney as these matters are his specialty, but politely declined as he only represents media defendants. So Plaintiff has tried and wishes to continue to try to find adequate counsel.

B. POTENTIAL DISQUALIFICATION ISSUE-- Plaintiff had handed his resume to former neighbor Lew Ferguson of Williams and Connelly a while ago and has not heard back, and wonders if there is now a conflict/disqualification issue to the Washington Post's retained counsel of that same firm in this matter. Plaintiff's recollection is that Ferguson was going to present Plaintiff's resume and his personal recommendation to the entertainment/IP group, which supposedly represented broadcasters, famous reporters, anchors and others.  If so, a conflict exists.

Plaintiff desires the additional time to make even more efforts to retain counsel.

If the *Crossan* case files are needed, and they should not be, then Plaintiff will need time to retrieve his files, stored at a friend's house in the D.C. area.

## LAW

F.R. Civ. P. 6

### III.  GUIDING PRINCIPLE- PLAINTIFF WILL ABIDE BY WHATEVER IS REQUIRED TO REMAIN IN THIS COURT

Given the unfair treatment and blatent disregard for the law by the Eastern District's Hilton ( when Plaintiff attempted to retain ACLU's Glasberg, he informed Plaintiff on the first week of that *Crossan* case that Hilton was "the worst possible judge one could get for a civil rights case", that Hilton was a well known old-South bigot (especially against Negroes and Jews) , and that Plaintiff had no chance of getting a fair hearing or any chance of winning [Glasberg was quite accurate]), and the disregard for the standards of granting summary judgment; the fact that the Magistrate Judge O'Grady, who issued the totally unexpected nor in any manner deserved assertion of "bad faith" relied on by DiMatteo, which upon investigation after such outrageous writing was found that O'Grady had been a coworker of DiMateo and an Arlington attorney for 12 years and was making outrageous opinions to defend DiMatteo for her acts beyond the outer envelope of the scope of authority of a County Attorney [breaking into a citizen's apartment, casing and then involved in trespassing and stealing his property][1], Plaintiff desires to never enter Virginia, if at all possible.

---

[1] The District of Columbia publication of the false defamatory statements of "fact" certainly made the Plaintiff appear odious, infamous and ridiculous, as easily determined by even the outrageous title of the article: "FIGHTING TO REMAIN ENGULFED IN JUNK". As the articles state Plaintiff's education and profession repeatedly in association with the many false statements, they have injured Plaintiff in his trade, profession and community standing.. Plaintiff believes that the republication of the Curtius/DiMatteo libels by the Washington Post are the publications that caused serious financial injury/damage.  The Curtius/DiMatteo publication to Schulte had their intended effect in the District of

3

He will abide by whatever is required for this case to remain in this District of Columbia court and not be transferred.

## IV.    OTHER MATTER

The Washington Post, in its Motion For Extension Of Time related that it need wait for matter from DiMatteo to be sent by her to them. Her ridiculous *ad hominem* attacks to defend her criminal acts is expected to continue. Is this matter to be sent another further libelous publication?

A proposed order is attached.

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

### VERIFICATION OF COMPLAINT BY DECLARATION

I Samuel Shipkovitz hereby declare under the penalty of perjury under the laws of the United States of America that the statements made by me in said Complaint of U.S. District Court for the District of Columbia Civ. No. 07-1053 are true and correct.
Executed this 13th day of October, 2007      _____
                                                       Samuel Shipkovitz

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

                                                     Respectfully submitted,
                                                     _____
                                                     Samuel Shipkovitz
                                                     Plaintiff *pro se*
                                                     Temp Cel=7035821580
Mailing:    1.    P.O. Box 2961
Addresses         Arlington, VA 22202
And         2.    5829 Nicholson Street
                  Pittsburgh, PA 15217

### Certificate of Service

I hereby certify that a copy of the foregoing Motion For Extension of Time To Respond to Motion Of Defendants Curtius and DiMatteo To Dismiss or Transfer Venue was mailed this 14th day of October, 2007 to: Ara Tramblian, Deputy County Attorney, 2100 Clarendon Blvd., #403, Arlington, A 22201, and John Kravis, Williams & Connolly LLP, 725 12th Street, Washington, DC 20005.
_____

D3

---

Columbia, and a cause of action is proper in the jurisdiction **where the effects are directed**. DiMatteo/Curtius knew they were talking to **The** Washington Post. The Washington [D.C.] Post is not the Alexandria Packet.

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SAMUEL SHIPKOVITZ,           ]
                             ]
        Plaintiff,            ]
                             ]
v.                           ] Civil Action No. 07-1053
                             ] (RCL)
WASHINGTON POST COMPANY, et al., ]
                             ]
        Defendants.           ]

## ORDER

UPON CONSIDERATION of Plaintiff's Motion For Extension Of Time To Respond To Motion Of Defendants Mary Curtius and Louise DiMatteo To Dismiss Or Transfer Venue, any opposition thereto, and the record herein, it is

Hereby ORDERED
That said Motion of Plaintiff is GRANTED; and it is

FURTHER ORDERED
That Plaintiff may have until November 14th, 2007 to respond to said Motion of said Defendants.

Date:_____

_____
Royce C. Lamberth
United States District Judge

Copies To:
1. Samuel Shipkovitz
   P.O. Box 2961
   Arlington, VA 22202
2. Samuel Shipkovitz
   5829 Nicholson Street
   Pittsburgh, PA 15217
3. Ara Tramblian, Esq.
   Deputy County Attorney
   2100 Clarendon Blvd., #403
   Arlington, VA 22201
4. John Kravis, Esq.
   Williams & Connolly LLP
   725 12th Street
   Washington, DC 20005.