IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SAMUEL SHIPKOVITZ, ]
]
        Plaintiff, ]
]
v. ] Civil Action No. 07-1053
] (RCL)
WASHINGTON POST COMPANY, et al., ]
]
        Defendants. ]
_____]

**RECEIVED**
OCT 3 1 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION OF DEFENDANTS WASHINGTON POST COMPANY, WP, AND BRIGID SCHULTE

NOW COMES PLAINTIFF Samuel Shipkovitz, who hereby moves this Court for an extension of time of at least 4 weeks after the filing of his response to the Motion of the Arlington Defendants DiMatteo and Curtius to respond to the voluminous multi-issue Motion of Defendants Washington Post Company, WP, and Brigid Schulte for Summary Judgment. As stated before, Plaintiff will agree to whatever this court desires to keep this case in this Court in the District of Columbia. The Plaintiff attached his Verification of Complaint to his Motion for Extension of Time. A detailed Memorandum of Points and Authorities is attached. For his reasons for this said extension request, the Plaintiff states as follows:

1. The Plaintiff refers to his Motion for Extension of Time To Respond to the Motion of Defendants DiMateo and Curtius to Dismiss or Transfer, which relate the meritorious reasons for his request, including serious health matters. Plaintiff will need such time to respond to that Arlington defendants' motion and will need time to *thereafter* respond to the instant voluminous Washington Post Motion for Summary Judgment.

A.

Their (WP) Motion was not sent to the Plaintiff's local address despite the Plaintiff's request in every one of his papers requesting that all papers be sent to **both** addresses, as he has no predictability as to where he will be at any particular day. When the expected papers of the

Washington Post were not received by Thursday October 25 noon at his local P.O. Box, Plaintiff contacted WP's counsel Kravis who stated that they had *only* sent it to Pittsburgh, and that a copy would be made and left at their front desk available the next day Friday October 26th. It was picked up on the afternoon of the 26th as agreed, and thus they caused 4 or 5 days of loss of time.

B.

On that day, Oct. 26th, Plaintiff, whose very expensive orthodontic night guard while in a jewel box at the Waterford House rental unit was stolen by the Arlington Inspectors, suffered the break-off of yet another top tooth, which left a sharp jagged edge, which began cutting into the inside of his cheek, swelling and bleeding. Much time is being spent dealing with this matter, including trying to get it flattened at little or no charge, and is finding "sick while white" a serious issue to getting medical/dental help in D.C.

C.

Despite Plaintiff complaining of only certain false defamatory statements, WP has injected the irrelevant matter of DiMatteo, requiring him to retrieve the *Crossan* files, which will take considerable time as Plaintiff has no working vehicle ( DiMatteo's friend Yeager had sabotaged Plaintiff's vehicle and then, despite property landlord/owner Steve's permission, threatened to remove and scrap it.)

The additional reasons for extension of time to respond further include:

2. The Plaintiff has serious medical problems which severely limit his speed of doing almost anything as discussed below. In addition to his herniated disc, he has colon problems, blood discharges, continuous ENT nasal drip, and many cracked and broken-off teeth (caused by DiMatteo preventing Plaintiff from finding his "night guard" and ordering the Arlington Fire Marshall not to let Plaintiff into his rental unit to find same after their unlawful entry, among

2

others ) which require over $11,000 of repairs, if even repairable in some, which even slows his eating, He spends considerable time in medical offices and hospital specialties.

3. The Plaintiff has been and continues to attempt to find and retain an attorney to represent him, the efforts of which are detailed below. Plaintiff hopes for additional time for said purpose.

4. The Plaintiff has serious financial problems; his business was destroyed by Ms. DiMatteo and her friend Martin Yeager, who broke off Plaintiff's lock, trespassed into Plaintiff's rented condo, converted/unlawfully removed Plaintiff's belongings and files, and stole anything of value and threw out Plaintiff's files. As he is now 60 years old, no one seems to wish to employ him, despite his many degrees, and prior experience in several fields. As a result even his transportation needs need be borrowed.

As this court granted the Washington Post a three week extension of time *sue sponte*, there, hopefully, should not be a problem. Thank you in this matter.

Respectfully submitted,
Samuel Shipkovitz
Plaintiff pro se

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION OF DEFENDANTS MARY CURTIUS AND LOUISE DiMATTEO TO DISMISS OR TRANSFER VENUE

### FACTS

**A.**
The Washington Post only made its filing available to Plaintiff on the 26th, days after filing. See above.

**B.**
Plaintiff has been forced to deal with another medical issue of urgency. See above.

**C.**
Plaintiff needs additional time to retrieve the *Crossan* file and needs to beg friends to help move them as he has no working vehicle. See above.

3

I.      MEDICAL REASONS

Plaintiff has suffered the transformation of a bulging back disc to herniated, which caused him to be confined primarily to bed for several months to, still hopefully avoid special injections and surgery. As a result he can only walk slowly, and thus to limit pain limits the time he can get to and use the Pitt Law School, Allegheny County Law Library, and Catholic U. Law School libraries. His colon problems cause obvious problems, as does his discharge problems, the latter of which cause has still not been determined despite many tests.

II.     ATTEMPTS TO OBTAIN COUNSEL

A.  Plaintiff would prefer being represented by counsel. Pro se's do not, in reality, get treated fairly. Plaintiff has contacted Mark Zaid (sued John Murtha for libel), John Ates (defended publisher of sex scandal on Capitol Hill), and via his mother's friend Mrs. Sugarman ( whose deceased husband was managing partner of BakerHostetler and GC of SOHIO/BP) , who referred him to Bruce Sanford, who would be the perfect attorney as these matters are his specialty, but politely declined as he only represents media defendants. So Plaintiff has tried and wishes to continue to try to find adequate counsel.

B.  POTENTIAL DISQUALIFICATION ISSUE-- Plaintiff had handed his resume to former neighbor Lew Ferguson of Williams and Connelly a while ago and has not heard back, and wonders if there is now a conflict/disqualification issue to the Washington Post's retained counsel of that same firm in this matter. Plaintiff's recollection is that Ferguson was going to present Plaintiff's resume and his personal recommendation to the entertainment/IP group, which supposedly represented broadcasters, famous reporters, anchors and others. If so, a conflict exists.

Plaintiff desires the additional time to make even more efforts to retain counsel.

If the *Crossan* case files are needed, and they should not be, then Plaintiff will need time to retrieve his files, stored at a friend's house in the D.C. area.

LAW

F.R. Civ. P. 6

III.    GUIDING PRINCIPLE- PLAINTIFF WILL ABIDE BY WHATEVER IS REQUIRED TO REMAIN IN THIS COURT

Given the unfair treatment and blatent disregard for the law by the Eastern District's Hilton ( when Plaintiff attempted to retain ACLU's Victor Glasberg, he informed Plaintiff on the first week of that *Crossan* case that Hilton was "the worst possible judge one could get for a civil rights case", that Hilton was a well known old-South bigot (especially against Negroes and Jews) , and that Plaintiff had no chance of getting a fair hearing or any chance of winning [Glasberg was quite

4

accurate]), and the disregard for the standards of granting summary judgment; the fact that the Magistrate Judge O'Grady, who issued the totally unexpected nor in any manner deserved assertion of "bad faith" relied on by DiMatteo, which upon investigation after such outrageous writing was found that O'Grady had been a coworker of DiMateo and an Arlington attorney for 12 years and was making outrageous opinions to defend DiMatteo for her acts beyond the outer envelope of the scope of authority of a County Attorney [breaking into a citizen's apartment, casing and then involved in trespassing and stealing his property][1], Plaintiff desires to never enter Virginia, if at all possible. He will abide by whatever is required for this case to remain in this District of Columbia court and not be transferred.

## IV.   OTHER MATTER

The Washington Post, in its Motion For Extension Of Time related that it need wait for matter from DiMatteo to be sent by her to them. Her ridiculous *ad hominem* attacks to defend her criminal acts is expected to continue. Is this matter sent another further libelous publication?

A proposed order is attached.

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

### VERIFICATION OF COMPLAINT BY DECLARATION

I Samuel Shipkovitz hereby declare under the penalty of perjury under the laws of the United States of America that the statements made by me in said Complaint of U.S. District Court for the District of Columbia Civ. No. 07-1053 are true and correct.
Executed this 13th day of October, 2007 [re-signed]   _/s/ Samuel Shipkovitz_
                                                         Samuel Shipkovitz

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

Respectfully submitted,
_/s/ Samuel Shipkovitz_
Samuel Shipkovitz
Plaintiff *pro se*
Temp Cel=7035821580

Mailing:   1. P.O. Box 2961
Addresses     Arlington, VA 22202
And        2. 5829 Nicholson Street
              Pittsburgh, PA 15217

D3

### Certificate of Service

I hereby certify that a copy of the foregoing Motion For Extension of Time To Respond to Motion Of Defendants Washington Post Company, WP and Schulte For Summary Judgment was mailed this 30th day of October, 2007 to: Ara Tramblian, Deputy County Attorney, 2100 Clarendon Blvd., #403, Arlington, VA 22201, and John Kravis, Esq., Williams & Connolly LLP, 725 12th Street, Washington, DC 20005.
_/s/ Shipkovitz_

---

[1] The District of Columbia publication of the false defamatory statements of "fact" certainly made the Plaintiff appear odious, infamous and ridiculous, as easily determined by even the outrageous title of the article: "FIGHTING TO REMAIN ENGULFED IN JUNK". As the articles state Plaintiff's education and profession repeatedly in association with the many false statements, they have injured Plaintiff in his trade, profession and community standing.. Plaintiff believes that the republication of the Curtius/DiMatteo libels by the Washington Post are the publications that caused serious financial injury/damage. The Curtius/DiMatteo publication to Schulte had their intended effect in the District of Columbia, and a cause of action is proper in the jurisdiction **where the effects are directed**. DiMatteo/Curtius knew they were talking to **The** Washington Post. The Washington [D.C.] Post is not the Alexandria Packet.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL SHIPKOVITZ,<br><br>              Plaintiff,<br><br>v.<br><br>WASHINGTON POST COMPANY, et al.,<br><br>              Defendants. | ]<br>]<br>]<br>]<br>]<br>] Civil Action No. 07-1053<br>] (RCL)<br>]<br>]<br>]<br>] |

## ORDER

UPON CONSIDERATION of Plaintiff's Motion For Extension Of Time To Respond To Motion Of Defendants Washington Post Company, WP Company, LLC, and Brigid Schulte For Summary Judgment, any opposition thereto, and the record herein, it is

Hereby ORDERED
That said Motion of Plaintiff is GRANTED; and it is

FURTHER ORDERED
That Plaintiff may have until December 21st, 2007 to respond to said Motion of said Defendants.

Date:_____

                                                        _____
                                                        Royce C. Lamberth
                                                        United States District Judge

Copies To:
1. Samuel Shipkovitz
   P.O. Box 2961
   Arlington, VA 22202
2. Samuel Shipkovitz
   5829 Nicholson Street
   Pittsburgh, PA 15217
3. Ara Tramblian, Esq.
   Deputy County Attorney
   2100 Clarendon Blvd., #403
   Arlington, VA 22201
4. John Kravis, Esq.
   Williams & Connolly LLP
   725 12th Street, N.W.
   Washington, DC 20005.