IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Samuel Shipkovitz, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 07cv1053 |
| ) | |
| Washington Post Company, WP Company, L.L.C. ) | |
| Brigid Schulte, Louise DiMatteo, Mary Curtius, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFF'S MOTION TO CONTINUE DEADLINE FOR RESPONSE TO DiMATTEO/CURTIUS MOTION TO DISMISS OR TRANSFER UNTIL THEY PRODUCE RELEVANT DOCUMENTS NEEDED TO REASONABLY RESPOND

NOW COMES Plaintiff, Samuel Shipkovitz, *pro se*, who, having performed substantial legal research with respect to Defendants DiMatteo and Curtius' Motion To Dismiss or Transfer, which is based on allegations that they are not subject to this Court's jurisdiction, and having issued the attached production of documents discovery request which seeks evidence of each's activities of any relevant sort associated with the District of Columbia, including membership, legal and/or commercial activities, whether in person or by mail or internet or phone, any web pages associated with either defendant or their employer viewable in the District which has any matter associated with the Plaintiff or issues in this case, hereby moves to continue the deadline for response from November 14, 2007 to 10 days after they produce the requested documents.

LAW
F.R. Civ. P. 6, 26, 34, 1

Respectfully submitted,

encl.: Pl.'s First Req. For Prod. Of Docs-DiMatteo and Curtius

Samuel Shipkovitz

Plaintiff *pro se*
1. P.O. Box 2961
   Arlington, VA 22202
& 2. 5829 Nicholson Street
   Pittsburgh, PA 15217
   (Phone in unit seized)

Certificate of Service
I hereby certify that the above Plaintiff's Motion to Continue Deadline for Response to Dimatteo/Curtius Motion to Dismiss or Transfer until They Produce Relevant Documents Needed to Reasonably Respond, was served by ordinary mail on Nov. 5, 2007 to: Ara Tremblian, Deputy County Attorney, 2100 Clarendon Blvd.,#403, Arlington,VA22201, and Jonathan Kravis, Esq., Williams & Connolly, 725 12th Street, NW, Washington, D.C. 20005.

1

RECEIVED
NOV 7 - 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Samuel Shipkovitz, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 07cv1053 |
| ) | |
| Washington Post Company, WP Company, L.L.C. ) | |
| Brigid Schulte, Louise DiMatteo, Mary Curtius, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANTS DiMATTEO AND CURTIUS**

**Pursuant to Federal R. Civ. P. 34 and Rule 26,** the Plaintiffs hereby request the following documents and things from Defendants Louise DiMatteo and Mary Curtius within 30 days after service to the undersigned (copies) , or at the office of Henry S. FitzGerald, 2200 Wilson Blvd., #800, Arlington, VA 222201, or office of J. N., 1901 Pennsylvania Avenue, N.W., #305, Washington, D.C. 20006, or such place as may be further noticed, on December 8, 2007 at 10AM.   This Request is necessitated by the absence of information as to the instant Defendants D.C. ties.  The deliberate omission in  said Motion of DiMatteo in not informing this Court of being a member of the D.C. Bar since 1992, 15 years ago, which Plaintiff discovered, and whatever other ties they are hiding, yet claiming no jurisdiction, necessitates this discovery.

Defendants are advised that these requests are continuing in nature and such supplemental documents and things found after their submission need be produced at their earliest reasonable time, including documents and things that are cumulative or inconsistent with Defendants initial production..

Definitions

(a)    Whenever reference is made to a person, it includes any and all of such person's principals, employees, agents, attorneys, consultants and their representatives, and such person's spouse, parents, and siblings.

(b) When production of any document in Defendants' possession is requested, such request includes documents subject to their possession, custody or control.  In the event Defendants are able to provide only part of a document(s) called for in any particular Request For Production, provide all document(s) that Defendants are able to provide and list in and identify those not provided, and provide the reason for such inability for each such document.
©) "Documents" means all materials within the full scope of F.R.Civ. P. 34 including but not

limited to: all writings and recordings, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise (including but without limitation to, **email(s) and attachments**, correspondence, memoranda, notes, dairies, minutes, statistics, letters, telegrams, facsimile-received or transmitted matter, minutes, contracts, reports , studies, FOIA responses, checks, statements, tags, labels, placards, invoices, brochures, periodicals, receipts, returns, summaries, pamphlets, books, interoffice and intraoffice communications, copies of cases cited and/or used in similar cases to the instant case, notations of any sort of conversations, working papers, applications, permits, placards and code violation notices for any building maintenance matter, indices, printouts, and all drafts, alternations, modifications, changes of any of the foregoing), graphic or aural media of any kind (including without limitation, photographs, charts, tape recordings or any matter so containing, sound recordings, visual recordings, drawings, plans, surveys, videotape, microfiche/microfilm, digital and/or analog media containing any of the above, and electronic records of any kind, including without limitation, computer files and programs, disc recordings, zip discs, floppies, and/or any digital media, whether magnetic, optical or whatever.

(d) if any document is withheld from production under a claim of privilege or other exemption from discovery, state the title and nature of the document or things, and furnish a list signed by the attorney of record giving the following information with respect to each document or thing withheld:
(i) the name and title of the author and/or sender and the name and title of the recipient;

(ii) the date of the document's origination;
(iii) the name of each person or persons participating in the preparation of the document or thing;
(v) a statement of the specific basis on which privilege is claimed and whether or not the subject matter or the contents of the document is limited to legal advise or information provided for the purpose of securing legal advice; and
(vi) the identity and position, if any, of the person or persons supplying the attorney signing the list with the information requested in subparagraphs above.

(E) "relate", "related to" or "relating to" means to refer to, reflect, concern, pertain to or in any manner be connected with the matter discussed.
(G) Any word written in the singular herein shall be construed as plural or vice versa when necessary to facilitate the response to any request.
(H) "And" as well as "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the request all responses which otherwise might be construed to be outside its scope.

## Document Requests

1. \*\*All documents and things related to all press releases, drafts of press releases, web pages, or electronic emission(s) of any sort  related in any manner to
(a)Plaintiff

(b) any alleged "hoarder" or alleged building **maintenance** issue (provide print copy of said electronic version or web page(s), and all press releases).

2. All documents and things in the past 6 years related to notices of any and all sort alleging building **maintenance** issues and/or "hoarding" and/or subject of the Arlington "Hoarding Task Force" as to any residential property within Arlington County and/or known to DiMatteo and/or Curtius.

3. All documents and things related to placards issued within the past 6 years as to any residential building **maintenance** issue within Arlington County.

4. All documents and things related to the so-called Arlington "hoarder task force", including all records of inspections, names, addresses of any and all considered suspect or who were cited, all notices issued, cure letters, case files, and whatever , within the past 6 years.

5. All documents and things related to any alleged "hoarders" associated in any manner to Arlington County or the instant defendants, within the past 7 years.

6. **All documents and things related to any activity of any sort to or within or caused to have some activity within the District of Columbia, including receipts for Bar memberships, any memberships of any sort, commercial sales of any sort, including receipts for store or mail order or telephone or internet sales, meetings of any sort, litigations of any sort, whether a party or witness or attorney,
associated with
(a) Louise DiMatteo or any blood relative or relative by marriage or business associate,
(b) Mary Curtius  or any blood relative or relative by marriage or business associate,
within the past 15 years.

7. All documents and things related to
(A) Louise DiMatteo's communications with the Arlington Police Dept. and/or Arlington Commonwealth's Attorney Office with respect to:
(i) Martin Yeager; (b) "Art" "Naudus" and/or Stanley T. Naudus Corp., and/or its manager(s) and/or officers;
(B) Richard Freeman within the past 5 years, including any correspondence or emails or whatever mentioning him, and any document in any way associated with the District of Columbia.

8. All documents and things within the past 5 years related to (a)  J. DeJesus, and (b) Dana Wilson, including all correspondence, emails or whatever mentioning either of them, and/or in any way associated with the District of Columbia.

9. All documents and things related to S. Keith Greierson within the past 5 years, and/or in any way associated with the District of Columbia.

10. All documents and things related to Sharita Hughes within the past 5 years, including any licenses she may or may not have, and/or in any way associated with the District of Columbia.

11. All documents and things associated with Arlington County and/or Louise DiMatteo and/or Mary Curtius within the past 10 years related to actions, whether in any court, administrative agency or any forum in which building maintenance and or related to maintenance in the Virginia Statewide Building Code or its equivalent, other names (besides Plaintiff) or predecessors was/is an issue, including names and addresses of anyone related, all papers including exhibits and attachments

12. All documents and things related to Dana Wilson within the past 5 years, including any allegations of theft [it is believed that he stole Plaintiff's teeth "night guard", the UHF walkie-talkies, and other items [per Grierson]], or in any way associated with the District of Columbia.

13. All documents and things related to Louise DiMatteo, including all documents and things related to building code, blight, warrant/warrantless searches, "hoarding" and/or all matters in which she participated, within the past 10 years, including in any way associated with the District of Columbia.

Respectfully submitted,

*Samuel Shipkovitz*
Samuel Shipkovitz
Plaintiff  *pro se*
1. P.O. Box 2961
   Arlington, VA 22202
& 2. 5829 Nicholson Street
   Pittsburgh, PA 15217
   (Phone in unit seized)

Certificate of Service

I hereby certify that the above First Request For Production Of Documents From Defendants DiMatteo and Curtius, was served by ordinary mail on Nov. 5, 2007 to: Ara Tremblian, Deputy County Attorney, 2100 Clarendon Blvd.,#403, Arlington,VA22201, and Jonathan Kravis, Esq., Williams & Connolly, 725 12th Street, NW, Washington, D.C. 20005

_____

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Samuel Shipkovitz,   )<br>  )<br>       Plaintiff,   )<br>v.        )<br>  )<br>Washington Post Company, et al.,   )<br>  )<br>       Defendants.   )<br>_____) | Civil Action No. 07cv1053<br>(RCL) |

### ORDER

Upon consideration of Plaintiff's Motion to Continue Deadline for Response to Dimatteo/Curtius Motion to Dismiss or Transfer until They Produce Relevant Documents Needed to Reasonably Respond, any opposition thereto, and the record herein, it is

this ____ day of _____, 2007

HEREBY ORDERED

that said Motion of Plaintiff is GRANTED,

and it is FURTHER ORDERED

that Plaintiff shall have ten days after Defendants Curtius and DiMatteo produce the documents requested to respond to their Motion to Dismiss or Transfer Venue.

_____
Royce C. Lamberth
United States District Judge

Copies To:
1. Samuel Shipkovitz
   P.O. Box 2961
   Arlington, VA 22202
2. Samuel Shipkovitz
   5829 Nicholson Street
   Pittsburgh, PA 15217
3. Ara Tremblian, Esq.
   Deputy County Attorney
   2100 Clarendon Blvd., #403
   Arlington, VA 22201
4. Jonathan Kravis, Esq.
   Williams & Connolly
   725 12th Street, N.W.
   Washington, D.C. 20005

