UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL SHIPKOVITZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action # 07-1053 (RCL) |
| | ) |
| THE WASHINGTON POST COMPANY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

OPPOSITION OF THE DEFENDANTS MARY CURTIUS AND LOUISE DIMATTEO TO THE PLAINTIFF'S MOTION TO CONTINUE DEADLINE FOR RESPONSE TO DIMATTEO/CURTIUS MOTION TO DISMISS OR TRANSFER VENUE

The Defendants Mary Curtius and Louise DiMatteo, by counsel, file this Opposition to the Plaintiff's Motion to Continue Deadline for Response to DiMatteo/Curtius Motion to Dismiss or Transfer until they Produce Relevant Documents Needed to Reasonably Respond, Plaintiff's now third motion in this case for an extension of time,[1] on the following grounds:

1. The Plaintiff ("Shipkovitz") previously requested an extension of time to respond to the Motion to Dismiss or Transfer or Transfer Venue, which was filed by the Defendants DiMatteo and Curtius on October 1, 2007. Shipkovitz' purported reasons for that requested extension were a litany of complaints relating to Shipkovitz' health and financial problems which Shipkovitz claimed "limited his ability to do anything." Plaintiff's Motion for an Extension of Time, filed October 15, 2007, at p. 1. What Shipkovitz failed to advise this Court was that, during this extension when he claims he was "limited in his ability to do anything," Shipkovitz researched, wrote and filed, on October 25, 2007, in the U.S. Fourth Circuit Court of

---

[1] On October 15, 2007, the Plaintiff sought an extension of time until November 14, 2007, to respond to the Motion to Dismiss or Transfer Venue filed by the Defendants DiMatteo and Curtius, who did not oppose the extension. On October 31, 2007, the Plaintiff requested an extension of "at least 4 weeks" to respond to the Defendant Washington Post's Motion for Summary Judgment. The Court has not yet ruled on that request.

1

Appeals, his Petition for Rehearing and Rehearing En Banc of the Fourth Circuit's October 11, 2007, affirmance of the Eastern District of Virginia's decision in Shipkovitz v. Hughes, et al., 2007 U.S. App. LEXIS 24835 (4th Cir. 2007).  While he was "limited in his ability to do anything," in addition to filing his Motion in the Fourth Circuit, he has now drafted and served discovery.  This case against Defendants DiMatteo and Curtius is frivolous, part of his continuing vendetta against Defendant DiMatteo,[2] and the Court should not allow Shipkovitz' latest request for delay.[3]

    2.  Shipkovitz' latest motion for an extension of time is a request for a delay until the Defendants respond to discovery mailed by Shipkovitz on November 5, 2007.  The issuance of discovery by Shipkovitz was improper and in violation of LCvR 26.2 (a), which prohibits the issuance of discovery prior to the Rule 26(f) conference.  Accordingly, the improper issuance of discovery by Shipkovitz is no reason for another delay.

    3.  Even if the Local Rules allowed Shipkovitz to issue discovery at this time, the discovery he prepared is not relevant to the issues before the Court and is harassing.  For example, document requests two through five are attempts to pursue discovery that might have been relevant to the litigation in the Eastern District of Virginia but have no bearing on this case,

---

[2] As was noted in the Defendants' Motion to Dismiss, the Magistrate-Judge in the Eastern District of Virginia noted that Shipkovitz' claims against the Defendant DiMatteo were "motivated by bad faith" on Shipkovitz' part.

[3] Shipkovitz' latest motion is part of a pattern in which he routinely seeks to delay litigation that he has brought.  In the underlying litigation in Crossan, Shipkovitz made at least seven requests for an extension of time: Request for an Extension of Time to Respond to the County's Rule 12(b)(6) motion, filed by Shipkovitz on November 28, 2005; Notice and Motion to Postpone 12(b)(6) Motions, filed December 22, 2005; Motion for Extension of Time to Serve Grierson, filed February 20, 2006; Motion for Extension of Time for Discovery and to Serve Philip Almeida, filed March 16, 2006; Motion for Extension of Time to Respond to DiMatteo Motion to Dismiss, filed April 26, 2006; and Motion for Extension of Time to File Opposition to County Manager Motion for Summary Judgment, filed May 18, 2006.

as they relate to Arlington "hoarding" cases in the last 6-7 years.  Document request six seeks discovery involving DiMatteo's "blood relative or relatives by marriage" which has no bearing whatsoever on this case and is Shipkovitz' latest attempt to harass DiMatteo.  The remainder of the requests relate primarily to nonparties to this litigation and their involvement either in the litigation in the Eastern District of Virginia or other "hoarding" cases.  They do not bear on the issues in this case and are a weak attempt to continue to delay the disposition of this case.[4]

Therefore, Shipkovitz' motion for an extension of time should be denied, and Shipkovitz should be required to file any response to the Motion to Dismiss or Transfer Venue filed by Defendants Curtius and DiMatteo by November 14, 2007, as previously ordered by the Court.

                                        MARY CURTIUS
                                        LOUISE DIMATTEO

                                        By Counsel

Stephen A. MacIsaac, County Attorney
D.C. Bar # 362530

/s/ Ara L. Tramblian
_____
Ara L. Tramblian, Deputy County Attorney
D.C. Bar # 468738
2100 Clarendon Boulevard, Suite 403
Arlington, Virginia 22201
(703) 228-3100
Counsel for the Defendants Curtius and DiMatteo

November 9, 2007

---

[4] Shipkovitz attempts to make an issue out of DiMatteo's past membership in the District of Columbia Bar.  Her membership has been inactive since September 20, 1995 and she has not appeared in any matter as a member of the D.C. Bar since that time.

<u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing was served via electronic filing, on:

>Kevin T. Bane, Esq.
>William & Connolly, LLP
>725 Twelfth Street, N.W.
>Washington, D.C. 20005

and was mailed, first-class postage prepaid, to:

>Samuel Shipkovitz
>5829 Nicholson Street
>Pittsburgh, PA 15217

>Samuel Shipkovitz
>P.O. Box 2961
>Arlington, VA 22202

on November 9, 2007.

/s/ Ara L. Tramblian

_____