IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Samuel Shipkovitz, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 07cv1053 RCL |
| ) | |
| Washington Post Company, WP Company, L.L.C. ) | |
| Brigid Schulte, Louise DiMatteo, Mary Curtius, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFF'S REPLY TO DiMATTEO/CURTIUS's OPPOSITION TO PLAINTIFF'S MOTION TO CONTINUE DEADLINE FOR RESPONSE TO DiMATTEO/CURTIUS MOTION TO DISMISS OR TRANSFER UNTIL THEY PRODUCE RELEVANT DOCUMENTS NEEDED TO REASONABLY RESPOND

PLAINTIFF, Samuel Shipkovitz, *pro se*, hereby replies to the above-cited Opposition of DiMatteo/Curtius as to an extension of time to respond due to necessary discovery needed, as follows:

1. Plaintiff's Guiding Principle- do whatever is required or necessary to keep this case in this Court in the District of Columbia.

2. The instant Defendants complain that Plaintiff has requested numerous extensions of time in this and the *Crossan* case. For the reasons stated in each such motion, they were merited. The instant Defendants imply that Plaintiff is somehow misleading this Court because he filed a Petition For Rehearing and Rehearing *En Banc* in the 4th Circuit on October 25th. That paper was performed as a plug-in form in part to a standing format emailed him by Mr. FitzGerald, and the entire paper was done in a few hours.

3. Plaintiff has reviewed his discovery related to their Motion and it is in two categories:

a) the first, #1 and #6 (which are asterisked) which directly relate to their D.C. ties (DiMatteo misinterprets one of them, which was meant to learn if these Defendants have relatives or friends

RECEIVED
NOV 1 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

they visit or meet with in D.C. [D.C. ties include physical and commercial ties];

b) the other request items were brought in as DiMatteo[1] again published the unlawfully-taken photos and other presently unknown matter to the Washington Post, which instead of responding to the items complained of in the Complaint concentrated on her *ad hominem* attacks alleging Plaintiff is a "hoarder", which he is NOT. No: food, open food/organic material, columns (not a few ‹ 2 ft piles of NYT, WP, IEEE, AIPLA, JPTOS, etal.] of newspapers, pets, wreaths, vegetation, and other living/formerly living matter. Plaintiff had primarily new: electronics, gadgets, printers, copiers, office equipment and supplies, books, and the like, and appeared, in general, as the back room of a large service business, such as a law firm.. Such does not meet the definition of "hoarding". That is, the other discovery requests are needed to respond to the WP Motion as to DiMatteo and her cohorts involvement and potential liability in D.C., and as provided by DiMatteo to WP.

4. DiMatteo's Motion attempts to dismiss the case (or equivalently transfer to EDV) by <u>impliedly</u> claiming without any evidence, not even an affidavit, no D.C. ties, claiming that Plaintiff has the burden of proving D.C. ties without more, but refusing to provide relevant discovery, falsely claiming "frivolous" and "vendetta" ( more accurately–Plaintiff trying to seek justice as to an out-of-control criminally-acting government official who continues to transgress Plaintiff [*she* transmitted the unlawfully-taken material to WP in *this* case].

---

[1] DiMatteo wrote the instant Opposition– not Tramblian, despite his "signature", as the style language and tone is distinctly hers. Her fn 2 neglects the fact, previously presented, that this claim came "out of the blue" and was totally undeserved. It was soon discovered that this Magistrate Judge had worked as an Arlington County Attorney for twelve years, knew DiMatteo and her coworkers, and was defending her beyond envelope of scope of authority of an attorney– outrageous acts– entering the locked front door of the unit several times after October 20, 2005 [including what amounts to unlawfully, without warrant, entering the home/office of an opposing attorney], casing Plaintiff's belongings, assisting in the bolt-cutting off of Plaintiff's second lock intentionally put on, and in the removal and theft of whatever had value as well as the personal and business papers, computers, books [DiMatteo's husband, also an E.E., is the probable recipient of Plaitiff's stolen Electrical Engineering books]. The only "bad faith" was by DiMatteo in her certainly-not-attorney work involvement in preventing Plaintiff from removing his belongings and then stealing them with her former-criminal defense attorney/friend Martin Yeager and his friend "Art Naudus" [real name unknown], a manager with the Stanley Naudus Corp., a home improvement contractor.

If no discovery can take place at this stage, then their Motion need be suspended until Plaintiff can get his needed discovery (at least #1 and #6) as to D.C. ties. DiMatteo admits that she has been and is a member of the D.C. Bar since 1992, but implies that being in "inactive: status somehow negates her Bar membership and D.C. tie. D.C. Bar membership is an important tie.

5. Requiring Plaintiff to respond by November 14th without the needed facts would be highly unfair. Curtius, it seems, was merely ventriloquist DiMatteo's puppet who published the false defamatory Press Release prepared by DiMatteo to destroy Plaintiff even more. Nowhere in the June 22, 2006 EDV *Crossan* Order does it state "without merit" as to **any** count, yet alone **all** counts, as the Press Release falsely states–these are serious allegations as to any attorney. DiMatteo admitted in their previous papers in this case that *she* did draft the liable Press Release. Plaintiff has never seen, met or had any communication with Curtius. Yet she, as the County's Press Officer, proudly issued the falsehood-containing Press Release protecting DiMatteo and defaming Plaintiff. Whether Curtius asked any questions or was in any manner diligent in presenting an accurate Press Release is relevant, and thus her D.C. ties are also the needed subject of discovery–Did she fax the Press Release to The Washington [D.C.] Post??

For the above reasons Plaintiff believes that there is absolutely no basis to not have discovery requests #1 and #6 enforced at this time. If all discovery must wait, then their Motion need be suspended until the discovery is produced. If Plaintiff is not going to be able to reasonably respond by having the necessary facts, then he requests an additional period of time to have an investigation conducted on his own and prepare as best a response as he might.

## Conclusion

Plaintiff requests the necessary discovery as to D.C. ties before responding. If necessary,

3

Plaintiff will conduct his own investigation as best he can. If no time is going to be permitted, then, to ensure keeping this case in this Court in the District of Columbia[2], Plaintiff must necessarily suffer the dismissal of Curtius or its evaluation of her involvement (Did she fax the Press Release to the Washington [D.C.] Post??) and this Court's evaluation of what is presently known as to DiMatteo's D.C. ties, her D.C. Bar membership, her involvement in July, 2006 in intentionally preparing the defamatory false statement of facts in the Press Release and her obvious involvement in having it transmitted to the Washington [D.C.] Post, knowing that such falsehoods would appear in D.C. (Was the Press Release faxed to The Washington [D.C.] Post?? By whom??. Such issues need discovery). Plaintiff will suffer whatever to keep this case in this Court in the District of Columbia. Hopefully, the Court will grant the instant Motion.

Respectfully submitted,

*Samuel Shipkovitz*

Plaintiff *pro se*
1. P.O. Box 2961
   Arlington, VA 22202
& 2. 5829 Nicholson Street
   Pittsburgh, PA 15217
   (Phone in unit seized)

Certificate of Service
I hereby certify that the above Plaintiff's Reply To Op. To Motion to Continue Deadline for Response to Dimatteo/Curtius Motion to Dismiss or Transfer until They Produce Relevant Documents Needed to Reasonably Respond, was served by ordinary mail on Nov. 12, 2007 to: Ara Tramblian, Deputy County Attorney, 2100 Clarendon Blvd.,#403, Arlington,VA 22201, and Jonathan Kravis, Esq., Williams & Connolly, 725 12th Street, NW, Washington, D.C. 20005.

---

[2] [The EDV apparently does everything it can to protect the most errant of government officials]