IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Samuel Shipkovitz,  )
 )
              Plaintiff,  )
v.  )   Civil Action No. 07cv1053/RCL
 )
Washington Post Company, WP Company, L.L.C. )
Brigid Schulte, Louise DiMatteo, Mary Curtius, )
              et al., )
 )
              Defendants. )
_____)

**SUPPLEMENT TO
PLAINTIFF'S REPLY TO DiMATTEO/CURTIUS's OPPOSITION TO
PLAINTIFF'S MOTION TO CONTINUE DEADLINE FOR RESPONSE TO
DiMATTEO/CURTIUS MOTION TO DISMISS OR TRANSFER UNTIL THEY
PRODUCE RELEVANT DOCUMENTS NEEDED TO REASONABLY RESPOND**

NOW COMES PLAINTIFF, Samuel Shipkovitz, *pro se*, who hereby supplements his above-cited Reply as follows:

While Plaintiff has responded to the DiMatteo/Curtius Opposition as to his need for certain discovery in order to reasonably respond to said Opposition's jurisdiction/"long arm" issues, there are other isues implied in their Motion in which said Defendants wrongly claim that a transfer is merited, which is believed to have little basis. Additionally, their Motion misstates certain facts. In fact, in the period of the liable publications by the Washington Post and as stated in the second publication, in part, Plaintiff had left Virginia and was a part time resident of the District of Columbia, stayed with friends, and had returned to his home state of Pennsylvania, where he was domiciled. Therefore, Plaintiff was not a resident of Virginia at any relevant (to this issue) time. See *Armco Steel Co. v CSX Corp.*, 790 F. Supp. 311 (D.D.C. 1991), *Greater Yellowstone Coalition v. Bosworth*, 180 F. Supp. 2d 124 (D.D.C. 2001).

The movants have the burden of persuasion and of proof, and can not possibly meet such with the facts here. See *Shenandoah Assoc., Ltd. P'ship v. Tirana*, 182 F. Supp 2d 14 (D.D.C.

2001). The important facts as to the Plaintiff's claim are as to the place of publication, not as to where the report was about.

Under 28 U.S.C. 1404(a), the court is to "consider other factors, including the private interests of the parties and the public interest of the courts". *See Trout Unlimited v. U.S. Dept. Of Agricul.*, 944 F. Supp. 13 (D.D.C. 1996). The private interest considerations include:

(1) Plaintiff's choice of forum   - which is D.C.;

(2) Defendants' choice of forum, which is Virginia for DiMatteo/Curtius, but D.C. for the Washington Post defendants;

(3) whether the *claim* arose elsewhere

The *claim is as to the publication in D.C. by the Washington Post;* whether the article reports events outside D.C. is irrelevant to the issue of the place of the claim– the place of publication– WP publishing the false defamatory statements in D.C.. DiMatteo/Curtius' attempt to misstate the law is clever, but caught.

(4) convenience of the parties– both Plaintiff and the Washington Post seem comfortable in D.C.;

(5) "convenience of the witnesses, but only to the extent that the witnesses may *actually be unavailable for trial*".

DiMatteo is a member of the D.C. Bar. This "major point" of DiMatteo neglected this required factor, misleadingly stating that they as witnesses are unavailable because they are in a different state. The subpoena power of a federal court extends to 25 miles and sometimes 100 miles from a federal courthouse regardless of state lines crossed. All of Arlington, and of Alexandria, the purported residences of the witnesses, are within ten miles of this courthouse.

As there was no contention by DiMatteo/Curtius that these witnesses will not be available in D.C. as they would be in Virginia, the "convenience of the witnesses" is of no significance.

The state whose law govern the interests at stake controls. The publication in D.C. requires that D.C. law controls. See *Trout, Unlimited*, supra, *Schmid Labs, Inc. v. Hartford Accident & Indemnity Co.*, 645 F. Supp. 734, 757, n. 11 (D.D.C. 1986). There is certainly a benefit in having the local D.C. federal court construe D.C. law. Again, the claim is as to publication in D.C., not, as DiMatteo claims, as to the location of the reported events. (See v. John Murtha libel case in this court regarding events in Iraq, etc., which is being litigated in this U.S.D.C. D.C. court; Mark Zaid, Plaintiff's attorney).

Plaintiff has obviously performed research and work as to their Motion, and Plaintiff's Opposition, hopefully with use of the requested discovery, should persuade this Court that this is the proper place for this cause and in which he can hopefully achieve justice.

Respectfully submitted,

*Samuel Shipkovitz*
Samuel Shipkovitz
Plaintiff *pro se*
1. P.O. Box 2961
   Arlington, VA 22202
& 2. 5829 Nicholson Street
   Pittsburgh, PA 15217
   (Phone in unit seized)

Certificate of Service

I hereby certify that the above Supplement to Plaintiff's Reply To Op. To Motion to Continue Deadline for Response to Dimatteo/Curtius Motion to Dismiss or Transfer until They Produce Relevant Documents Needed to Reasonably Respond, was served by ordinary mail on Nov. 14, 2007 to: Ara Tramblian, Deputy County Attorney, 2100 Clarendon Blvd.,#403, Arlington,VA22201, and Jonathan Kravis, Esq., Williams & Connolly, 725 12th Street, NW, Washington, D.C. 20005.

*A Shipkovitz*