IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Samuel Shipkovitz,<br><br>           Plaintiff,<br>v.<br><br>Washington Post Company, WP Company, L.L.C.<br>Brigid Schulte, Louise DiMatteo, Mary Curtius,<br>                              et al.,<br><br>           Defendants. | Civil Action No. 07cv1053 RCL<br><br>**RECEIVED**<br>DEC 1 3 2007<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

### SECOND SUPPLEMENT TO
### PLAINTIFF'S REPLY TO DiMATTEO/CURTIUS's OPPOSITION TO PLAINTIFF'S MOTION TO CONTINUE DEADLINE FOR RESPONSE TO DiMATTEO/CURTIUS MOTION TO DISMISS OR TRANSFER UNTIL THEY PRODUCE RELEVANT DOCUMENTS NEEDED TO REASONABLY RESPOND

NOW COMES PLAINTIFF, Samuel Shipkovitz, *pro se*, who hereby second supplements his above-cited Reply as follows:

DiMatteo/Curtius claim that the place where the communication was developed rather than the place of publication controls. As Plaintiff has stated before that is not the law. As District of Columbia authority for Plaintiff's position he cites ***Dowd v. Calabrese***, 589 F. Supp. 1206 (D.D.C. 1986) [Under District of Columbia conflict of law principles, law to be applied in defamation action is not that of forum where offending publication was prepared, but place where the plaintiff suffered the most significant harm to reputation]. This presumes that there is any credibility to DiMatteo/Curtius assertion that anything beyond their Press Release had any Virginia origins. Instant Plaintiff was working for D.C. firms and persons, not any Virginia entity, so there is not even a debatable issue as to place of harm.

On another matter, Plaintiff suffered an attack, including on his left chest and had to go to the GW Urgent Care Center where 5 X-rays were taken. One week later the area still hurts severely and is greatly slowing him down. Severe pain occurs when he coughs. This is in

addition to his previously discussed serious medical problems.

Additionally, he also has been speaking to several listed Plaintiff attorneys of several of the higher court cited defamation cases to, hopefully, have one of them represent him [not Richard Nixon or Harry Allen Sherman (Forest City case)[of my Pgh. neighborhood- and father of Roz](both believed deceased)] While Plaintiff has spent over 40 hours doing legal research (which is how he found the names of potential attorneys to represent him) and the start of a draft (over 20 handwritten pp.), it is likely due to his medical and other circumstances described above and before, his minimal experience in litigation and need to have seasoned litigation counsel, plus his need to use others' computers if he is to type and edit his draft, that he will request a one month extension of time to respond to the Washington Post Motion.

Respectfully submitted,

Samuel Shipkovitz
Plaintiff *pro se*
1. P.O. Box 2961
   Arlington, VA 22202
& 2. 5829 Nicholson Street
   Pittsburgh, PA 15217
   (Phone in unit seized)

Certificate of Service

I hereby certify that the above Second Supplement to Plaintiff's Reply To Op. To Motion to Continue Deadline for Response to Dimatteo/Curtius Motion to Dismiss or Transfer until They Produce Relevant Documents Needed to Reasonably Respond, was served by ordinary mail on Dec. 11, 2007 to: Ara Tramblian, Deputy County Attorney, 2100 Clarendon Blvd.,#403, Arlington,VA 22201, and Jonathan Kravis, Esq., Williams & Connolly, 725 12th Street, NW, Washington, D.C. 20005.