IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL SHIPKOVITZ, | ) |
| | ) |
| Plaintiff, | )  Civil Action No. 07-1053 (RCL) |
| | ) |
| vs. | ) |
| | ) |
| THE WASHINGTON POST COMPANY, et al. | ) |
| | ) |
| Defendants. | ) |

**MOTION OF DEFENDANTS THE WASHINGTON POST COMPANY,
WP COMPANY LLC, AND BRIGID SCHULTE FOR STAY OF DISCOVERY**

      Defendants The Washington Post Company, WP Company LLC, and Brigid Schulte, through undersigned counsel, hereby move this Court for an Order staying discovery pending resolution of Defendants' motion for summary judgment, which is currently before this Court. The grounds for this Motion are set forth in the accompanying Memorandum.

      Respectfully submitted,

      WILLIAMS & CONNOLLY LLP

      By: /s/ Kevin T. Baine
          Kevin T. Baine (Bar No. 238600)
          Jonathan Kravis (Bar No. 973780)

      725 Twelfth Street, N.W.
      Washington, DC  20005
      (202) 434-5000

January 2, 2008      *Attorneys for Defendants The Washington Post Company, WP Company LLC, and Brigid Schulte*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SAMUEL SHIPKOVITZ,<br><br>    Plaintiff,<br><br>vs.<br><br>THE WASHINGTON POST COMPANY, et al.<br><br>    Defendants. | )<br>)<br>) Civil Action No. 07-1053 (RCL)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM IN SUPPORT OF THE MOTION OF DEFENDANTS
THE WASHINGTON POST COMPANY, WP COMPANY LLC,
AND BRIGID SCHULTE FOR A STAY OF DISCOVERY
AND RESPONSE TO PLAINTIFF'S REQUEST FOR EXTENSION OF TIME**

                      WILLIAMS & CONNOLLY LLP
                      Kevin T. Baine (Bar No. 238600)
                      Jonathan Kravis (Bar No. 973780)

                      725 Twelfth Street, N.W.
                      Washington, DC  20005
                      (202) 434-5000

                      *Attorneys for Defendants The Washington*
                      *Post Company, WP Company LLC, and*
                      *Brigid Schulte*

January 2, 2008

**INTRODUCTION AND SUMMARY**

Plaintiff Samuel Shipkovitz filed his Complaint against The Washington Post Company, WP Company LLC, Post reporter Brigid Schulte (collectively "The Post defendants") and two Arlington County officials alleging defamation and invasion of privacy on June 11, 2007. The gravamen of Plaintiff's claims against The Post defendants is that he was defamed by two articles reporting both on the actions of Arlington County in removing Plaintiff from a condominium where he had been living, and on a subsequent lawsuit filed by Plaintiff against the County and various other defendants challenging his removal.

On October 1, 2007, the Arlington County defendants filed a motion to dismiss or transfer venue. On October 22, 2007, The Post defendants filed a motion for summary judgment. Since that time, Mr. Shipkovitz has not responded to either of these dispositive motions. Instead, Plaintiff has submitted no fewer than seven filings requesting extensions of time to respond to these motions for a variety of personal reasons. Nevertheless, Plaintiff has found the time to serve discovery requests on both sets of defendants. Most recently, Plaintiff sent a First Set of Interrogatories to The Post,[1] requesting detailed information regarding Ms. Schulte's investigative efforts and demanding production of her notes. This discovery request will not provide Plaintiff with any information that is relevant to The Post defendants' summary judgment motion, which argued that the litany of evidence gathered by Arlington County plainly demonstrates that the statements identified in the Complaint are substantially true and that the statements are protected by the fair report privilege. As Plaintiff himself recognizes in his most recent motion for extension of time, his interrogatories to The Post are relevant only to "fault/negligence," an issue not raised by The Post's summary judgment motion. And the

---

[1] A copy of Plaintiff's First Set of Interrogatories to The Post is attached to this memorandum as Exhibit 1.

1

burdens on The Post defendants associated with responding to this request—including the potential chilling of protected First Amendment activity inherent in any defamation case—will be entirely unnecessary if that summary judgment motion is granted. Accordingly, this Court should stay all further discovery in this case with respect to The Post defendants pending resolution of the summary judgment motion. If this Court grants such a stay, then The Post defendants do not object to Plaintiff's most recent request for an extension of time to respond to that motion.[2]

## ARGUMENT

As an initial matter, Plaintiff's decision to begin discovery by serving The Post with interrogatories prior to an initial scheduling conference is procedurally improper. Under Local Civil Rule 26.2(a), Plaintiff is not permitted to serve discovery until after the initial Rule 26(f) conference, which has not yet been scheduled by this Court. This is not a mere technicality. The requirement that discovery await the initial Rule 26(f) conference enables the Court to control the discovery process and to prevent unnecessary discovery. And this case presents a textbook example of when discovery should be deferred.

The Post defendants have filed a dispositive motion that can be addressed by the Plaintiff and decided by the Court without any of Plaintiffs' requested discovery. It is well established that "trial courts are vested with broad discretion to manage the conduct of discovery." *Chavous v. District of Columbia Fin. Resp. & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001). That discretion includes the authority to stay discovery pending determination of dispositive

---

[2] In an effort to comply with Local Rule 7(m), on December 21, 2007, counsel for The Post defendants sent letters to Plaintiff's Pittsburgh and Arlington addresses requesting an opportunity to determine whether Plaintiff opposed this motion to stay discovery (Plaintiff has not provided a telephone number on any of his filings to date), but counsel received no response. Further, Plaintiff never attempted to contact counsel regarding his motion for extension of time, so counsel had no opportunity to tell Plaintiff that The Post defendants would not oppose that motion provided Plaintiff agreed to a stay of discovery.

motions. *Id.* In deciding whether to enter such a stay, the court must "balance the harm produced by a delay in discovery against the possibility that" the dispositive motion "will be granted and entirely eliminate the need for such discovery." *Id.* at 3 (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). To establish the harm necessary to justify further discovery while a dispositive motion is pending, the plaintiff must "indicate what facts she intended to discover that would create a triable issue and why she could not produce them in opposition to the motion." *Price v. Greenspan*, 374 F. Supp. 2d 177, 182-83 (D.D.C. 2005) (quoting *Carpenter v. Fed. Nat'l Mortgage Ass'n*, 174 F.3d 231, 237 (D.C. Cir. 1999)).[3]

By contrast, when the plaintiff cannot demonstrate that the requested discovery will lead to facts that will aid the plaintiff in opposing the dispositive motion, courts will grant a stay of discovery until the motion is resolved. *See, e.g.*, *Perkins v. D.C. Dep't of Public Works*, No. 90-2081 JGP, 1991 WL 3245 (D.D.C. Jan. 2, 1991). That is particularly true in defamation cases, where the burden of defending the suit alone can seriously inhibit free speech. *Cf. McBride v. Merrell Dow & Pharms., Inc.*, 717 F.2d 1460, 1466 (D.C. Cir. 1983) (noting that "[l]ibel suits, if not carefully handled, can threaten journalistic independence," since "the risks and high costs of litigation may lead to undesirable forms of self-censorship"); *Washington Post Co. v. Keogh*, 365 F.2d 965, 968 (D.C. Cir. 1966) ("Unless persons, including newspapers, . . . are assured freedom from the harassment of lawsuits, they will tend to become self-censors."). Thus, for example, in *Moldea v. New York Times Co.*, 137 F.R.D. 1 (D.D.C. 1990), this Court stayed discovery in a libel suit pending The New York Times' motion for summary judgment. The Court noted that "the significant First Amendment issues raised" by the case weighed in favor of a stay, and that "further discovery" was not "necessary to sustain an opposition to the motion." *Id.* at 2. *See*

---

[3] That showing of harm is generally made through an affidavit filed pursuant to Federal Rule of Civil Procedure 56(f).

3

*also Foretich v. Chung*, No. 91-0123 HHG/PJA, 1994 WL 716606 (D.D.C. Oct. 3, 1994) (granting stay of discovery in defamation case on the ground that the requested discovery was not necessary for plaintiff to respond to defendants' pending summary judgment motion).

In this case, a stay is warranted because Plaintiff's interrogatories to The Post are not remotely relevant to the issues raised by The Post defendants' summary judgment motion. In that motion, The Post defendants argued that Plaintiffs' defamation and invasion of privacy claims should be dismissed because the statements identified in the Complaint are substantially true. In support of that argument, The Post defendants presented a litany of evidence gathered by Arlington County—including affidavits of Arlington County officials attesting to the condition of the condominium and photographs of the condominium at the time Plaintiff was removed. The Post defendants also argued that the statements at issue are privileged as fair and accurate reports of two official actions or proceedings: the official actions of Arlington County officials in closing the condominium for violations of fire and building codes, and the judicial proceedings initiated by Plaintiff challenging those actions.

Plaintiff's interrogatories to The Post cannot possibly lead to evidence that would assist him in responding to these arguments. Those interrogatories request information regarding the steps taken by Ms. Schulte in writing the articles at issue—the bases for various statements in the articles, the details of Ms. Schulte's conversations with her sources, the research Ms. Schulte conducted regarding the phenomenon of hoarding, etc. As Plaintiff's recent motion for extension of time acknowledges, these interrogatories are relevant to fault only, not to truth or to the applicability of the fair report privilege. *See* Pl. Mot. for Extension 3 (Dec. 21, 2007). To respond to The Post defendants' substantial truth argument, Plaintiff will need to present evidence that the statements identified in the Complaint—principally, statements about the conditions of the condominium—are false. To respond to The Post defendants' privilege

4

argument, Plaintiff will need to present evidence that the articles are not fair and accurate summaries of the official actions described above. Plaintiff's interrogatories regarding the details of Ms. Schulte's reporting are not reasonably calculated to lead to the discovery of such evidence. Accordingly, Plaintiff will not be prejudiced by a stay of discovery pending resolution of The Post defendants' summary judgment motion.

A stay is particularly appropriate in this case because Plaintiff has persistently refused to respond to either of the pending dispositive motions in this case in spite of ample time to do so. Citing an assortment of physical ailments, Plaintiff first requested until November 14, 2007 to respond to the Arlington County defendants' motion and until December 21, 2007 to respond to The Post defendants' motion. This Court granted Plaintiff's request with respect to the Arlington County defendants' motion, but has not acted on his request with respect to The Post defendants' motion. *See* Order (Oct. 23, 2007). Plaintiff then filed another motion to continue the deadline to respond to the Arlington County plaintiffs, this time until ten days after those defendants responded to Plaintiff's document request. On December 13, 2007, Plaintiff sought another extension—this time for another month (presumably until January 13, 2008) to respond to The Post defendants' motion. And on December 21, 2007, Plaintiff requested yet another extension, this time until January 29, 2008, to respond.[4] It is simply unfair for Plaintiff to continually delay his responses to dispositive motions that could end the time and expense of this litigation, while simultaneously drafting and serving his own discovery requests on the defendants, especially

---

[4] Had Plaintiff adhered to his initial self-imposed deadline, the summary judgment briefing would have been completed on December 31, 2007, two weeks before The Post's response to Plaintiff's interrogatories is due. This timing further demonstrates that Plaintiff does not need this response to oppose the summary judgment motion, and therefore that a stay of discovery will not harm Plaintiff.

5

since those discovery requests have nothing to do with the issues raised by those dispositive motions.[5]

The Post defendants do not object to Plaintiff's most recent request for more time to respond to their summary judgment motion, provided this Court grants a stay of discovery pending the outcome of that motion.

## CONCLUSION

For the foregoing reasons, defendants' motion for a stay of discovery should be granted.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: /s/ Kevin T. Baine
    Kevin T. Baine (Bar No. 238600)
    Jonathan Kravis (Bar No. 973780)

725 Twelfth Street, N.W.
Washington, DC  20005
(202) 434-5000

January 2, 2008

*Attorneys for Defendants The Washington Post Company, WP Company LLC, and Brigid Schulte*

---

[5] Indeed, the docket in Plaintiff's lawsuit against the Arlington County officials in the Eastern District of Virginia shows that in the two months since The Post defendants filed their summary judgment motion, Plaintiff has filed three motions in that case—a petition for rehearing, a motion to stay the mandate, and a motion to reconsider the denial of the petition for rehearing.

**CERTIFICATE OF SERVICE**

I, Jonathan Kravis, hereby certify that on this 2d day of January, 2008, I caused copies of the foregoing Motion for Stay of Discovery and Memorandum in Support of Motion to be served on the following via First Class Mail:

Samuel Shipkovitz
5829 Nicholson Street
Pittsburgh, PA 15217

Samuel Shipkovitz
P.O. Box 2961
Arlington, VA 22202

Ara L. Tramblian, Deputy County Attorney
2100 Clarendon Boulevard, Suite 403
Arlington, VA 22201

       /s/ Jonathan Kravis
Jonathan Kravis (D.C. Bar No. 973780)

# EXHIBIT 1

Case 1:07-cv-01053-RCL    Document 25-2    Filed 01/02/2008    Page 1 of 4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SAMUEL SHIPKOVITZ,           ]
                             ]
        Plaintiff,            ]
                             ]
        v.                    ]  Civil Action No. 07cv1053
                             ]
WASHINGTON POST COMPANY, et al.,  ]
                             ]
        Defendants.          ]

## PLAINTIFF'S FIRST SET OF INTERROGATORIES OF DEFENDANT WP COMPANY, L.L.C., subsidiary of THEWASHINGTON POST COMPANY

Plaintiff requests pursuant to F.R. Civ. P. 33 that the above Defendant by its selected officer or agent, answer each interrogatory separately and fully in writing under oath, unless objected to, and even then must be answered to the extent not objectionable. The answers are to be signed by the person making them, and any objections by the attorney making such. The party upon whom the interrogatories have been served shall serve a copy of the answers, and objections, if any, within 30 days after service of the interrogatories. All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived, unless excused by the court for good cause shown. Copies of any related or relevant business record is hereby requested in addition to any description in any answer.

### INSTRUCTIONS
With regard to every answer provided, provide the complete chronology of what went into each quote, naming all involved and their involvement, and provide copies of all drafts, notes, memoranda, telephone notes, and any and all documents in any manner referred to, written, or in any manner involved?

### INTERROGATOIES

1. Why did you allow the proposed article (first) get published before getting in touch with Plaintiff (despite your claim that you tried for a period of time)?
2. Why did you permit the title of the article to be "Fighting To Remain Engulfed in Junk". Who selected this title? Who approved this title (names and roles of all involved)?

1

3. On what basis did you claim in the article that Plaintiff slept on "top of his stuff"?
4. On what basis did you write in the second article that the Judge's decision ever state that any claim was "found to be 'without merit'"?
5. On what basis did you write/claim that Crossan's family ( as opposed to only his brother John) was involved?
6. On the video attached to the INTERNET version of the first article, Plaintiff tells you that much of his property was stolen and was not delivered to the storage units. Why did you not report this in the written article?
7. On what basis did you write that "...he works sporadically and has had long periods of unemployment"?
8. On what basis did you write that "...he slept on top of his stuff on the floor"?
9. On what basis did you write that "The rest, from floor to ceiling was crammed with 'rubbish, debris...'"?
10. On what basis did you write that "The kitchen was unusable"? [ and despite Plaintiff repeatedly telling you that it had been in use and that the oven had been disconnected due to Crossan's legal issues and conditions for him to be given day passes)?
11. On what basis did you write in both articles that Crossan's "family" (i) hired a lawyer;
    (ii) refused to allow Shipkovitz back into the condominium?
    (iii) hired a 'moving company' to haul his things to a storage facility? On what basis did you write that anyone other than the brother was involved?

12. On what basis did you write that "Shipkovitz's...court filings are (i) handwritten?
    (ii) are on 100 percent recycled paper?

13. On what basis did you write in the second article that there was "...massive amount of junk in the condo...bags, trash..."? Where was any "trash"?

2.

14. Did you speak with Arlington Dep. Fire Marshall S.K. Grierson, and, if so, what did he tell you ( provide copies of your notes)?
15. Did you speak with Louise DiMatteo prior to the publication of the second article and what did she tell you each time (provide dates and copy of notes
16. Describe all of your efforts to research "hoarding" prior to publication of the first article, including any research papers as to alleged mental condition of "hoarding", definitions of "hoarders" , definitions of "hoarders", and provide copies of all such papers.
17.  Did you read the Arlington Hoarding Task Force paper of September, 2005, and its definition of "hoarding" (pets/pet matter/vegetation, organic matter) and questionaire?
18.  Name all persons you interviewed for (i) the first article; (ii) the second article, and what each said to you, especially as to matters complained of in Complaint paragraphs 17 and 20.
19. When you interviewed Henry St. John FitzGerald, Esq., what did he say (exactly)?
20.  With whom at The Washington Post did you discuss the matters of the first article prior to its publication

^^^^^^^^^^^^^^^^^^^^^^^^^^^^^^^^^^^^^^^^^^^^^^^^^^^^^^^^^^^^^^^^^^^^^^^^^^

Respectfully submitted,

*/Samuel Shipkovitz/*
Samuel Shipkovitz
Plaintiff *pro se*

Mailing:  P.O. Box 2961
Addresses  Arlington, VA 22202
5829 Nicholson Street
Pittsburgh, PA 15217

Certificate of Service

I hereby certify that a copy of the foregoing Plaintiff's First Set of Interrogatories to WPCompany, L.L.C. was mailed this 15th day of December, 2007 to: Jon Kravis, Esq., Williams & Connolly, 725 12th Street, N.W., Washington, D.C. 20005, and Ara Tremblian, Dep. Cnty. Atty., 2100 Clarendon Blvd., 403, Arlington, VA 22201      /S Shipkm/

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SAMUEL SHIPKOVITZ, ) | |
| ) | Civil Action No. 07-1053 (RCL) |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| THE WASHINGTON POST COMPANY, et al. ) | |
| ) | |
| Defendants. ) | |

## [PROPOSED] ORDER

Upon consideration of Defendants' Motion for Stay of Discovery and supporting papers, Plaintiff's opposition thereto, and Defendants' reply, and for good cause shown, it is hereby ORDERED this _____ day of _____, that Defendants' motion is GRANTED.

_____
Royce Lamberth, United States District Judge

Copies to:

Samuel Shipkovitz
5829 Nicholson Street
Pittsburgh, PA 15217

Ara Tramblian, Esq.
Deupty County Attorney
2100 Clarendon Blvd., #403
Arlington, VA 22201

Kevin Baine, Esq.
Jonathan Kravis, Esq.
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005