# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

—————————————————————
                                 )

**SAMUEL SHIPKOVITZ,**           )

      **Plaintiff,**            )

**v.**                                )       **Civil Action No. 07-1053 (RCL)**

**THE WASHINGTON POST COMPANY,** *et al.,* )

      **Defendants.**         )

—————————————————————)

## ORDER

Upon consideration of plaintiff's motion [14] to require defendant's exhibits to be filed under seal, plaintiff's motion is DENIED.  Plaintiff's proposed order is unintelligible to the Court. Plaintiff would have the Court require that defendants submit any exhibits or matter not related to paragraphs 17 and 20 of the Complaint as a sealed filing.  The Court cannot enforce such an order since it has no idea what the plaintiff, much less defendants, thinks would be relevant to paragraphs 17 and 20 of the Complaint.  Moreover, the Washington Post defendants having now filed a Motion for Summary Judgment, plaintiff should review it and specify what specifically it is that he believes should be sealed and why.  The Court can then better determine whether there is any basis for meeting the legal standard for sealing any part of this public proceeding.

Plaintiff's motions [17, 24] to extend time to respond to the Washington Post defendants' summary judgment motion are GRANTED, and plaintiff's opposition shall be due on January 29, 2008.

The Washington Post defendants' motion [25] for stay of discovery is also GRANTED, however.  The Court has not authorized any discovery in this case to proceed.  Plaintiff may

utilize Rule 56(f) as appropriate in opposing the summary judgement motion, also keeping in

mind the Court's Order of October 1, 2007, setting forth the requirements for plaintiff's

opposition.

Plaintiff's motion [19] to continue the deadline for opposing the motion to dismiss or

transfer filed by defendants DiMatteo and Curtius is DENIED.  As noted above, the Court has

not authorized discovery at this time.  Plaintiff's opposition may reference any purported need for

discovery, and must otherwise comply with the Court's Order of October 1, 2007.  Plaintiff's

opposition shall be filed no later than January 29, 2008.

Plaintiff cannot, absent leave of Court, "supplement" his filings.  Plaintiff's supplement

[22] and second supplement [23] to his reply memorandum regarding his motion [19] are hereby

STRICKEN from the record.

SO ORDERED.


Signed by Royce C. Lamberth, United States District Court, on January 9, 2008.