IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Samuel Shipkovitz, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07cv1053 (RCL) |
| Washington Post Company, WP Company, L.L.C. Brigid Schulte, Louise DiMatteo, Mary Curtius, et al., | ) |
| Defendants. | ) |

## RESPONSE TO CURTIUS/DiMATTEO MOTION TO DISMISS OR TO TRANSFER; F.R. Civ. R. 41

NOW COMES PLAINTIFF, Samuel Shipkovitz, who has not heard from the Court as to his Motion For Extension of Time as to responding to the Curtius/DiMatteo Motion To Dismiss Or To Transfer, and is now forced to respond as best he can under the circumstances. These Defendants claim wrongly that since their (by Curtius) Press Release was issued in Virginia and that the conversations between them and the Washington Post reporter were in Virginia that dismissal or transfer is appropriate. Plaintiff disagrees.

Nevertheless, since Plaintiff can not responsibly respond in the time now set, if no extension is being granted then Plaintiff, having not received any Answer from the Arlington Defendants, dismisses Curtius and DiMatteo without prejudice, pursuant to F.R. Civ. P. R. 41(a)(1)(i).

### LAW

DiMatteo/Curtius claim that the place where the communication was developed rather than the place of publication controls. As Plaintiff has stated before that is not the law. As District of

Columbia authority for Plaintiff's position he cites *Dowd v. Calabrese*, 589 F. Supp. 1206 (D.D.C. 1986) [Under District of Columbia conflict of law principles, law to be applied in defamation action is not that of forum where offending publication was prepared, but place where the plaintiff suffered the most significant harm to reputation]. This presumes that there is any credibility to DiMatteo/Curtius assertion that anything beyond their Press Release had any Virginia origins. Instant Plaintiff was working for D.C. firms and persons, not any Virginia entity, so there is not even a debatable issue as to place of harm.

While Plaintiff has responded to the DiMatteo/Curtius Opposition as to his need for certain discovery in order to reasonably respond to said Opposition's jurisdiction/"long arm" issues, there are other issues implied in their Motion in which said Defendants wrongly claim that a transfer is merited, which is believed to have little basis. Additionally, their Motion misstates certain facts. In fact, in the period of the liable publications by the Washington Post and as stated in the second publication , in part, Plaintiff had left Virginia and was a part time resident of the District of Columbia, stayed with friends, and had returned to his home state of Pennsylvania, where he was domiciled. Therefore, Plaintiff was not a resident of Virginia at any relevant (to this issue) time. See *Armco Steel Co. v CSX Corp.*, 790 F. Supp. 311 (D.D.C. 1991), *Greater Yellowstone Coalition v. Bosworth*, 180 F. Supp. 2d 124 (D.D.C. 2001).

The movants have the burden of persuasion and of proof, and can not possibly meet such with the facts here. See *Shenandoah Assoc., Ltd. P'ship v. Tirana*, 182 F. Supp 2d 14 (D.D.C. 2001). The important facts as to the Plaintiff's claim are as to the place of publication, not as to where the report was about.

Under 28 U.S.C. 1404(a), the court is to "consider other factors, including the private interests of the parties and the public interest of the courts". See *Trout Unlimited v. U.S. Dept. Of Agricul.*, 944 F. Supp. 13 (D.D.C. 1996). The private interest considerations include:

(1) Plaintiff's choice of forum  - which is D.C.;

(2) Defendants' choice of forum, which is Virginia for DiMatteo/Curtius, but D.C. for the Washington Post defendants;

(3) whether the *claim* arose elsewhere

The *claim is as to the publication in D.C. by the Washington Post;* whether the article reports events outside D.C. is irrelevant to the issue of the place of the claim– the place of publication– WP publishing the false defamatory statements in D.C.. DiMatteo/Curtius' attempt to misstate the law is clever, but caught.

(4) convenience of the parties– both Plaintiff and the Washington Post seem comfortable in D.C.;

(5) "convenience of the witnesses, but only to the extent that the witnesses may *actually be unavailable for trial*".

DiMatteo is a member of the D.C. Bar. This "major point" of DiMatteo neglected this required factor, misleadingly stating that they as witnesses are unavailable because they are in a different state. The subpoena power of a federal court extends to 25 miles and sometimes 100 miles from a federal courthouse regardless of state lines crossed. All of Arlington, and of Alexandria, the purported residences of the witnesses, are within ten miles of this courthouse.

As there was no contention by DiMatteo/Curtius that these witnesses will not be available in D.C. as they would be in Virginia, the "convenience of the witnesses" is of no significance.

The state whose law govern the interests at stake controls. The publication in D.C. requires that D.C. law controls. See *Trout, Unlimited*, supra, *Schmid Labs, Inc. v. Hartford Accident & Indemnity Co.*, 645 F. Supp. 734, 757, n. 11 (D.D.C. 1986). There is certainly a benefit in having the local D.C. federal court construe D.C. law. Again, the claim is as to publication in D.C., not, as DiMatteo claims, as to the location of the reported events. (See v. John Murtha libel case in this court regarding events in Iraq, etc., which is being litigated in this U.S.D.C. D.C. court; Mark Zaid, Plaintiff's attorney).

## II. F.R. Civ. P. 41(a)(1)(i) Dismissal of Curtius and DiMatteo

As Plaintiff has not had further time beyond the time of filing his "Second Supplement" and thus had no further time to conduct further legal research, etc., , the fact that this Response was required to be filed prior to him receiving his issued discovery, and the Court as of January 28, 2008 has not responded to his Motion For Extension of Time as to the Arlington Defendants Curtius/DiMatteo, the Plaintiff also being at the mercy of others as to using their computers, is not able to responsibly respond in the time now allowed (the Jan. 29, 2008 date was originally only as to the WP Defendants) , therefore has no choice but to dismiss Curtius and DiMatteo without prejudice pursuant to F.R. Civ. P. 41(a)(1)(i).

As these Defendants having not yet filed any Answer, this Plaintiff has the right to dismiss Curtius and DiMatteo without prejudice and hereby does.

The other Defendants, the Washington Post Company, WP Company, L.L.C., and Brigid Schulte, now know they were lied to for the evil purposes of DiMatteo to destroy Plaintiff, are free to, and hopefully will, maintain an action against them for the lies, made under the guise of an official government Press Release, that the WP Defendants published against Plaintiff and are liable for.

Respectfully submitted,
/Samuel Shipkovitz/
Plaintiff *pro se*
1. P.O. Box 2961
   Arlington, VA 22202
& 2. 5829 Nicholson Street
   Pittsburgh, PA 15217
   (Phone in unit seized)

Certificate of Service

I hereby certify that the above , was served by ordinary mail on Jan. 30, 2008 to: Ara Tramblian, Deputy County Attorney, 2100 Clarendon Blvd,#403, Arlington,VA22201, and Jonathan Kravis, Esq., Williams & Connolly, 725 12th Street, NW, Washington, D.C. 20005.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Samuel Shipkovitz,<br><br>　　　　　　Plaintiff,<br>v.<br><br>Washington Post Company, WP Company, L.L.C.<br>Brigid Schulte, Louise DiMatteo, Mary Curtius,<br>　　　　　　　　　　　　et al.,<br><br>　　　　　　Defendants. | Civil Action No. 07cv1053 (RCL) |

## ORDER

UPON CONSIDERATION OF Plaintiff"s Response to Curtius/Dimatteo Motion to Dismiss Or To Transfer; F.R. Civ. R. 41, the fact that Defendants Curtius and DiMatteo have not yet filed an Answer, and F.R. Civ.P. 41,

　　it is this __ day of _____, 2008

**HEREBY ORDERED**

that Defendants Mary Curtius and Louise DiMatteo are DISMISSED WITHOUT PREJUDICE.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

Copies To:
Samuel Shipkovitz
P.O. Box 2961
Arlington, VA 22202
Samuel Shipkovitz
5829 Nicholson Street
Pittsburgh, PA 15217

Ara Tremblian, Esq.
Dep. Cnty. Atty.
2100 Clarendon Blvd., #403
Arlington, VA 22201

Jonathan Kravis, Esq.
Williams & Connolly
725 12th Street, N.W.
Washington, D.C. 20005