IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL SHIPKOVITZ, ]<br>]<br>Plaintiff, ]<br>]<br>v. ]<br>]<br>THE WASHINGTON POST, et al., ]<br>]<br>Defendants. ]<br>_____] | Civil Action No. 07-1053 (RCL) |

## MOTION FOR LEAVE TO FILE SURREPLY TO WP DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION

NOW COMES PLAINTIFF, Samuel Shipkovitz, who having reviewed WP Defendants' Reply, and the false and new matter therein, hereby moves for permission to file and have considered his Surreply attached hereto.

                                                         Respectfully submitted,

                                                         Samuel Shipkovitz
                                                         Plaintiff *per se*

Mailing:   P.O. Box 2961
Addresses  Arlington, VA 22202
&          5829 Nicholson Street
           Pittsburgh, PA 15217

**RECEIVED**

FEB 2 1 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

SAMUEL SHIPKOVITZ,          ]
                            ]
              Plaintiff,    ]
                            ]
      v.                    ]        Civil Action No. 07-1053 (RCL)
                            ]
THE WASHINGTON POST, et al.,]
                            ]
              Defendants.   ]
_____]

### ORDER

Upon consideration of Plaintiff's Motion For Leave To File Surreply, any opposition thereto, and the record herein, it is this ___ day of _____, 2008

HEREBY ORDERED

that said Motion is GRANTED; and the Clerk is directed to file Plaintiff's Surreply.

_____
United States District Judge

Copies To:
1. Samuel Shipkovitz
   P.O. Box 2961
   Arlington, VA 22202

2. Samuel Shipkovitz
   5829 Nicholson Street
   Pittsburgh, PA 15217

3. Jonathan Kravis, Esq.
   Williams & Connolly
   725 12th Street, N.W.
   Washington, D.C. 20005

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

SAMUEL SHIPKOVITZ,             ]
                               ]
            Plaintiff,         ]
                               ]
    v.                         ]    Civil Action No. 07-1053 (RCL)
                               ]
THE WASHINGTON POST, et al.,   ]
                               ]
            Defendants.        ]
_____]

## SURREPLY TO WP DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO WP DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

NOW COMES PLAINTIFF, Samuel Shipkovitz, who with leave of this Court, hereby surreplies to the WP Defendants' Reply as follows. Only the main points are being presented herein, and no inference that Plaintiff is conceding anything is to be made.

As expected, Defendants Reply merely repeats their baseless defenses, repeats of denials of the falsity of each of the published statements complained of and/or attempts to call the falsities "minor inaccuracies".

Even their Reply's Introduction is mere repetition of their Motion. Plaintiff vehemently contest their repeat of their so-called material facts. There is no unreasonable or hyper-technical reading of the articles by Plaintiff. Nor was there any misinterpretation of the evidence by Plaintiff. The articles mean what the normal "reasonable man" would understand; and if by evidence they mean the unlawfully-taken photos, here gain they just make up what is not there. For example, the "tall stacks" are only in the

office areas of the living room, despite the WP Defendants fabrications out of whole cloth.

II.

The Plaintiff complains of the enumerated false defamatory false statements of fact-- none of which can be considered by the average person as other than serious false statements meant to defame Plaintiff. It is their hyper-technical reading of their own article and even the first article's title "FIGHTING TO REMAIN ENGULFED IN JUNK" that no cognitive person could agree with. These are not "minor inaccuracies" and under the caselaw of Rule 56 considering Plaintiff's Opposition, Affidavit, Statement of Material Facts In Genuine Dispute, and Rule 56(f) Declaration, no summary judgment can be awarded--- and trial, which they apparently fear, need take place.

III. The Statements Complained Of are False, Defamatory and Serious.
1. Defendants' claim that Plaintiff had "long periods of unemployment" and "works sporadically" are FALSE.

Not having a permanent position has nothing to do with being employed, i.e. working for others and himself and getting paid, which Plaintiff had been doing for years prior to the WP publication.

Defendants attempt to confuse the court by implying that contract and temp work is equivalent to "unemployment" Such is ludicrous and indicates the extreme of malice by WP. Defendants call the difference a "minor inaccuracies". Further, as Plaintiff's Declaration states as stated above, WP ignoring same shows egomania Plaintiff had prior to the lockout a private patent practice,

4

including with Crossan EDV co-Plaintiff Sabo, a client whose laptop, files, and invention documents had been seized.

2. Defendants, apparently returning from Planet Zongo, claim that "looked like the back office of Jones Day" is equivalent to "the place is a mess". Again this is not minor. Nonneatness is unrelated to collections of organic material. They cite American Heritage Dictionary of The English Language, but ignore the "dirty condition" part of the definition. Therefore, as the unit was not dirty, it was not a "mess".

3. "SLEPT ON TOP OF HIS STUFF ON THE FLOOR"

Again, WP baselessly tries to connect what one sleeps ON with what is AROUND one's bed.

It is their alleged connection between "**on top of**" and "**around**" which is "fanciful". Their FALSE statement of fact, which they admit but attempt to minimize, is extremely defamatory as infering "mental illness", another quote in the article, clearly meant to describe Plaintiff,.

This "on top of" quote was the one matter which was the dominant question posed by other media, friends, relatives and strangers.

In conclusion, this false defamatory statement is serious and makes Plaintiff appear ridiculous-- at best.

4. "there were boxes in the bathtub"

WP admits at Reply p.6 that while the focus of the article was on the Plaintiff that this false attribution of the "boxes in the bathtub" to Plaintiff as an "immaterial detail". While calling Crossan crazy may be appropriate given his NGRI status, Plaintiff has not been previously described. Again, this

5

particular statement in the article about him reasonably and can only infer that Plaintiff – not Crossan – is "mentally ill".

    5. "The rest of the condominium, from floor to ceiling, was crammed with rubbish, debris, paper, boxes, bags, and all manner of containers"

WP claims that a few food containers that were in their designated trash station "shows trash" merely because they were still in the unit and not yet down the chute, despite being where such was stationed. They try to confuse the court, implying that the "bags, boxes and papers" are also "trash", but they were not. They were merchant bags, not food bags, client files boxes-- not food boxes , and legal papers, not newspapers, in the kitchen. They repeat this nonsense multiple times. There was no "trash can filled with paper". They also complain of "several empty soda cans". This exaggeration of a molehill is indicative of their desperate meritless defense, which only a bought person could agree with.

    There was no "trash can filled with paper". I suggest they watch TV and the streets and real people for several days – even George Costanza of Seinfeld had his LAZYBOY club chair with beer refrig, with beer cans everywhere++. Plaintiff does not drink alcoholic beverages, usually chocolate milk (until recently) and Spicy V8/VirginMarys, so "several empty soda cans" to a normal American is a neat choir boy, not deserving of the defamatory false statements made.

    But, the most significant falsehood offending Plaintiff is the false claim that "rest of the condominium from floor to ceiling was crammed..."          WP falsely claims that such occurred outside

6

of the living room, which is false. Further the tall areas were towers of stacked plastic drawers and boxes filled with office supplies, client files, FAX chrono files, and generally business materials. No photo shows, as WP falsely claims, boxes and bags stacked nearly to the ceiling at various locations throughout the condominium"

Again, WP resorts to plain fabrication as their defense.

6. "the kitchen was unusable"

Plaintiff makes much of the INTENTIONAL disconnection of the stove as proving unusable. But, as noted, neither had ever used the stove, and both used the microwave for food heating. The disconnection was done so that Steve could have no issues with receiving his day passes from NVMHI State Mental Institution (back of Fairfax Hospital)

The refrigerator worked as did one of the 2 sinks in the kitchen. So the kitchen was usable for all purposes desired by the Plaintiff, and Steve, and was so and used on the date of the lockout.

7. "mental illness, brain dysfunction and obsessive-compulsive disorder"

Plaintiff's collections are of new, useful (usually business related) and usually inanimate expensive items – not the WP claimed "limited or no value". The bags and boxes were merchant bags, etc. containing new items-- mostly business oriented.

WP goes far astray and the facts belie the truth as Plaintiff has attested as do the photos.

No professional heavy house cleaners were ever needed and no organic [nonfood] materials were ever collected or purchased so as to even imply a need for a dumpster.

7

10. "Every count was found to be without merit".

No where in the claimed quoted Order does it state that any count, yet alone every count, was "without merit".

WP attempt to confuse the court with a <u>*description*</u> when the article clearly states FALSELY what is not quoted in the Order, but claims that they are <u>*quoting*</u> the Order, i.e. the statement that :

"federal judge...,.Every count was found to be without merit".

This false quote is serious, libel *per se*, and unforgivable

WP also falsely claim in their Reply that the judge [Reply p. 13] implied that each count was without merit. Here again is another fabrication. In most of the counts he opines on the evidence, not that any legal theory was improper. Nowhere are the words "without merit".

## Arlington Definition of Hoarding

WP attempts to even project Arlington's definition of "hoarding" by referring to the "white paper"'s background section. Even Arlington was semi-dignified enough to have their definition be based on health factors, i.e the "Criteria" page -- not neatness [ which they violated anyway in real life] The Frost articles are not evidence, do not meet the required *Daubert* (U.S. Supreme Court expert evidence ) standards, as discussed in Plaintiff's Opposition, and are articles written by non-M.D.s and not worthy of any respect. Only the "Criteria" is relevant to the original lockout and therefore this instant case.

## Conclusion

8

Plaintiff hopes that this Court will review his Opposition, his Declaration, Statement of Material Facts In Genuine Dispute, his R. 56(f) Declaration [ denial of discovery of required elements WP ], and emphasizes that WP has made serious false defamatory statements about Plaintiff, some constituting libel *per se*, and that a trial on the merits is appropriate and summary judgment inappropriate.

Respectfully submitted,

*/s/* Samuel Shipkovitz
Samuel Shipkovitz
Plaintiff *per se*

Mailing: P.O. Box 2961
Addresses Arlington, VA 22202
& 5829 Nicholson treet
Pittsburgh, PA 15217

Certificate of Service

I hereby certify that a copy of the foregoing Surreply and Motion For Leave To File Surreply, was mailed, first class postage prepaid, this 20th of February, 2008 to: Jonathan Krayis, Esq., Williams & Connolly, 725 12th Street, Washington, D.C. 20005.      /s/ Shipkovitz

9