IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL SHIPKOVITZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07cv1053 |
| | ) (RCL) |
| | ) |
| THE WASHINGTON POST COMPANY, etal., | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S MOTION TO AMEND/ALTER/MODIFY THE COURT'S ORDER OF SUMMARY JUDGMENT FOR DEFENDANT THE WASHINGTON POST COMPANY, ET AL. OF AUGUST 19, 2008

NOW COMES PLAINTIFF, Samuel Shipkovitz, who hereby moves pursuant to the Federal Rules of Civil Procedure, F.R. Civ. P. 60, F.R. Civ. P. 1, eral., to amend/alter/modify this Court's Order of Summary Judgment for Defendants The Washington Post Company, et al. dated August 19, 2008, to withdraw said Order as the evidence of the Defendants was grossly insufficient and/or missing as to allegations made and, in any event, the evidence of the Plaintiff, including his Declaration, as to the falsity of each of the complained-of statements published by the Defendants in his Opposition provide factual disputes as to material facts requiring denial of summary judgment.

Further, the Court's position that even if the statements are false, that the publications are "minor inaccuracies" in its opinion, and that it can issue a dispositive Order of summary judgment is in error, as the issue of what is a "minor inaccuracy" (as to different facts, some opposite as to a statement, and some as to later admitted in this forum as false, but generalize as to other areas), is itself an issue of fact for the demanded finder of fact in this proceeding, the jury – not the presiding jud**RECEIVED**

RECEIVED
SEP 2 - 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Still further, the Plaintiff moved for a R.41 dismissal without prejudice against Defendants DiMatteo and Curtius and is entitled to same without strings. Rule 41 does not deter such resultant dismissal without prejudice, but merely requires that any further reinstitution be with the payment/reimbursement of costs and certain fees in a previous same case.

A detailed Memorandum of Points And Authorities in support of Plaintiff's said Motion To Amend/Alter/Modify the Court's Order of August 19, 2008 is attached.

August 28, 2008

Respectfully submitted,

Samuel Shipkovitz
Plaintiff *pro se*
5829 Nicholson Street
Pittsburgh, PA 15217

Local Mailing: P.O. Box 2961
Address  Arlington, VA 22202
7034186789pager

Certificate of Service

I hereby certify that a true copy of the afore Plaintiff's Motion To Amend/Alter/Modify THE COURT'S ORDER OF SUMMARY JUDGMENT FOR DEFENDANT THE WASHINGTON POST COMPANY, ET AL. OF AUGUST 19, 2008 was mailed this 29th day of August, 2008 to: Jonathan Kravis, Esq., Williams & Connolly, 725 12th Street, N.W., Washington, DC 20005 & Ara Tremblian, Dep. Cty. Atty. For Arlington County, 2100 Clarendon Blvd., #403, Arlington, VA 22201.

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND/ALTER/MODIFY THE COURT'S ORDER OF SUMMARY JUDGMENT FOR DEFENDANT THE WASHINGTON POST COMPANY, ET AL. OF AUGUST 19, 2008

Plaintiff, moves for the withdrawal of the Order of August 19, 2008 or that it be altered/amended/modified so as to protect Plaintiff's due process rights as he has rightfully demanded a jury trial, i.e. a trial by jury to decide what are the facts. The Court has ignored the various case precedents, including relevant U.S. Supreme Court holdings as to both the requirements of F.R. Civ. P 56 and the law of libel. The requirements of Rule 56 required to grant summary judgment were not met, the evidence of the Plaintiff including his under penalty Declarations were ignored. These Declarations averred the falsity of the published complained –

2

of statements made in the published "news" articles by Defendants. The Court ignored Plaintiff's Rule 56(f) affidavit/Declaration, and apparently went outside the record in this case to obtain matter in the *Crossan* case. The Court ignored the details of the Schulte affidavit, which did not include averments as to most of the complained-of publication statements. Plaintiff's evidence is mostly uncontroverted as to the falsity of the complained of published statements. The papers when read in serious review in accordance of Rule 56 demonstrate that there are material facts in dispute, and thus the grant of summary judgment is in error. The cases referred-to do not support the Court's decision, but actually stand for the opposite in most respects. Nowhere is there support for the Court claiming it had the right in a jury demand (as fact finder) case to decide what is a "minor inaccuracy". Since such was the Court's basis to claim the right to grant summary judgment, such is serious reversible error. The Court's opinion as to what is factually a "minor inaccuracy" is a misappropriation of required due process.

## Re: "Hoarding"

Further, despite Plaintiff objecting to the Defendants' lay articles as to the legal definition of "hoarding" as not having any scientific authority as the authors were not physicians, i.e. did not possess an M.D. degree, and did not include any scientific studies or methodology, and , at best, were the anecdotes of, at best, psychologists, (no even Pavlovian or other collection of data) that the requirements of *Daubert v. Merrill Dow*, 509 U.S. 579 (1993) were not met and that the proferred definition should have been rejected. Even the Arlington Task Force definition, as implemented per the specific pages, does not accept the psychologists' definition although merely mentioning it. Therefore, it was unacceptable to call Plaintiff a "hoarder" and then use that to infer that Plaintiff was mentally ill. [1] The County "white paper" (Op. MSJ, Ex. 1) p. 5

---

[1] Plaintiff has an engineering and legal education and only if he is "mentally ill" can he understand the logic of the Opinion. It seems that all law, case precedents when read in detail, the evidence of the Parties, and required

3

"Hoarding Referral Criterion" included only animal and human excrement, rotting food, etc. (organic), and it clearly states that hoarding is caused by "an underlying mental illness".

The primary example of error is the claim that "sleeping ON TOP OF his stuff" [Complaint Para. 17C] which was a falsehood published by The Washington Post, later admitted as false, is a "minor inaccuracy", defended on by the factually different description of items surrounding the bed area. Such is not a minor inaccuracy, nor decidable at this stage. See *Masson*, 501 U.S. at 517, et seq. overt falsehood

<u>Re" works sporadically and has had long periods of unemployment"</u>

The published quote that Plaintiff "works sporadically and has had long periods of unemployment" is another example of a published falsehood, not even close to being called a "minor inaccuracy". Plaintiff was regularly employed as either an employee of others and/or had his private practice until shortly after the incident. The article clearly states falsely that this was the situation for years ***before*** the incident. This is a false material defamatory statement meeting the test of libel under D.C. law. The Court neglects that a co-Plaintiff in the *Crossan* case was patent client Anthony Sabo, whose files, computer and invention items were also seized, preventing Plaintiff from work on all of the matters since the files, etal. were seized. Plaintiff was employed by Howry, LLP on the date of the incident ( patent litigation support). Obviously Plaintiff did not work sporadically—such was false and libelous. The publication was not a "minor inaccuracy" excuse for a judge disposal.

> F.R. Civ. P. 56 at ( c ) states:
> "...the judgment sought should be rendered if the pleadings, the discovery
>   and disclosure materials on file, and any affidavits show that there is
>   no genuine issue as to **any** material fact **and** the movant is entitled to

---

procedural requirements, including Rule 56, have been tossed aside in order to grant summary judgment to Williams & Connolly. Whether there was a Sporkinian motive is unknown.

4

judgment as a matter of law."                              [emphasis mine]

The movant submitted its evidence only in the form of Schulte's affidavit and an unauthenticated hearsay (was not the taker of the photographs –nor witness thereto) affidavit of another. Nowhere in Schulte's affidavit does she aver that the complained-of statements are true, nor does she ever aver as to any photographs  Despite this required evidence of WP being missing, and an unauthenticated disputed [in the *Crossan* case] affidavit and criminally-taken [entry by warrantless entry ] photographs [ which were selected to only those of certain areas] of a third party defending their own inappropriate criminal actions, Plaintiff submitted his under-penalty Declarations averring that the complained-of published statements (Complaint Paras. 17 and 20) were false. Movant has the entire burden of providing supporting evidence and Plaintiff submitted evidence opposite such that there was no doubt that there were disputes of material facts. Thus, summary judgment was not and is not appropriate.

>At Opinion p. 8 first paragraph, the court states
>  "if the stories contain any falsities related to the condo, they are merely
>  minor inaccuracies that no reasonable fact-finder would consider material."

The court's hubrus in making the factual decision as to what is a "minor inaccuracy" and the outrageous unsupportable assertion that 'no reasonable fact-finder would consider material" despite Defendants' admitted making certain false statements that were complained of demonstrates, at best, bias. To the contrary, no reasonable fact-finder would make such a decision at this stage given the dispute, with evidence, as to the material facts. The court has no basis to claim that the dispute as to the facts as to the complained-of published statements, exact quotes in this case, are not material.

The court recognizes that the articles contain falsities. It violates Plaintiff's jury demand to be the fact-finder and associated due process rights by conclusorily stating that these falsities[2] are "minor"

Plaintiff issued discovery as to relevant issues, but this court blocked compliance exhibiting inexpicable bias against Plaintiff quite early in these proceedings. Denying Plaintiff's discovery in this libel action in improper per *Herbert v. Lando*, 441 U.S. 153 (1979). At Opinion fn 5 the Court improperly calls the false published descriptions of the bed area, which The Washington Post ("WP") admits was false, but claims that such applied to the area **_around it_**—which is a different area—calling such a "distinction that is "insignificant". Plaintiff made a jury demand. The jury is to decide factual issues. Therefore, this judge's interjection in violation of F.R. Civ. P. 56 in this disputed material fact is improper. By analogy, that one could describe the homeless shelter (a block away) occupants "judges" since they are nearby is hardly an "insignificant" distinction.

The Court at Opinion p. 8 accept WP's non-expert definition of "hoarding". Plaintiff opposed the admission of WP's non-MD non-scientific definition. Both articles are by non-expert non-MDs. No recognized MDs' work is cited, just a pseudo-article by a bunch of psychologists and a web article by non-MDs. Even the Patent Office was forced to not cite web articles such as from WIKIPEDIA as prior art. These all are nonscientific assertions not admittable -- rejectable pursuant to *Daubert v. Merrill Dow*, 509 U.S. 579 (1993). Further Plaintiff's personal property was new and valuable office and household items -- not "useless or of limited value" which WP's definition assert. The County (Op. MSJ at Ex. 3) uses a definition

---

[2] Noting that even the asserted photos, not taken by the affidavit provider and therefore unauthenticated and hearsay and only showing selected portions of the unit.

6

that requires an "unsanitary" finding. As no food, excrement, [organic] etc. were involved the County's own definition of "hoarding" was not met.

The Court sluffs off the Curtius false statement that "every count was found to be without merit" by ignoring the actual words of the *Crossan* decision, which does not ever use such words or any equivalent. This court calls the "report...appropriate". The various caselaw cited by both parties here make clear that making up false quotes is a serious matter—certainly not dismissable on summary judgment. See *Moldea v. New York Times, infra.*
Where a published article is susceptible of several meanings where one of which is libelous, whether or not the article is libelous is for the jury to decide. *Chaloney v. Washington Post Co.*, 36 App. DC 231 (1911).
Even Schulte's unrelated history of contact with Plaintiff is factually in dispute. Schulte [falsely] claims that Plaintiff contacted her. Plaintiff denies such, averring that he called the Metro Desk of WP, and several months later, Ms. Schulte called him back.

"Mentally Ill"

Again the Court improperly decides a factual issue – whether the articles which overtly mention "mental illness – associates Plaintiff as mentally ill. The Court at Opinion p. 10, ll. 10+ concludes that "the articles make no connection between Plaintiff and mental illness". Again this is a factual issue since, per *Milkovich v. Lorain Journal*, 497 U.S. 1 (1990), implications are actionable as are the context and tenor of the statements. Again this Court interjected its factual decision for that of the rightfully demanded jury as fact finder, in violation of Plaintiff's due process rights and per F.R. Civ. P. Rule 56( c ) itself.

The Court cites *White v. Frat. Order of Police*, 909 F.2d 512, 519 (D.C. Cir. 1990), but ignores the fact that the included term "mental illness" was included in the article -- not

7

"manufactured". [3] Thus *White* does not apply to the facts here. Further *Moldea v. New York Times*, 22 F.3d 310 ( U.S.C.A. D.C. 1994) makes clear that context counts. See "A. Importance of Context" at p. 313, as does misstatements presented as opinion, *Milkovich v. Lorain Journal Co.*, 497 U.S. 1 (1990), *Washington Herald Co. v. Berry*, 41 App. DC 322 (1914). See Plaintiff's Op. MSJ at pp 24-25.

Re: "The kitchen was unusable" (Complaint Para. 17F)

See Op. MSJ SS Decl. At Para. 4, 14F.   As averred by Plaintiff, the kitchen was in fact used for cooking/microwave and otherwise preparing food for consumption. So this published quote is also false.

Re: "Mess"

As to the "mess" claim, Defendants cite the American Heritage Dictionary of The English Language, but ignore the "dirty condition" required part of the definition. Therefore, as the unit was not dirty, and they have not yet claimed such, it was not a "mess".

The Court has cited several cases as support for its decision that summary judgment is permitted if the judge, despite a jury demand, decides that an admitted falsity is, in his opinion, a "minor inaccuracy". But, in fact, these cases stand for the opposite; that is, " if a publication statement is false, fabricated,… the question whether a defamatory work is substantially true, although erroneous, in some details, is for the jury", *Moldea v. New York Times*, 15 F. 3d 1137 at p. 1150.

For example, Defendants admit that Plaintiff did not sleep on his stuff, and in fact there was a mattress on the floor with bedding above it and no boxes under, nor did Plaintiff "sleep on

---

[3] Since the article has made the description a *fait accompli* the Court may reverse on this so as to enable the Plaintiff to apply for and be granted SSDI as he has zero chance of ever getting another professional job ("Googling" prospective employees is now standard SOP)   See Hatfield articles.

his stuff". Their defense of the unpublished description of what surrounded the bed area is irrelevant to the falsehood. Geographically they are near each other – not on top of each other. This is not a "minor inaccuracy" and summary judgment defending by admission of the falsity of the published statement, but referral to a different geographic area is inappropriate.

As stated in *Moldea*, Id, at p. 1150 and R. 56( c ) states that a disputed material fact is not disposable on summary judgment—only the demanded jury can make such decision.

Here, the false publication of fact is now admitted as false, and thus Plaintiff's declarations as the falsity of the published complained-of statement is undisputed. In fact, Schulte does not aver at all on this, nor does anyone else. The "sleeping on top of his stuff" quote was totally fabricated.

As to the "stacked to the ceiling" type statements, these also are false. Only one area was stacked with modular Target plastic drawers filled with office supplies and files. There was no junk etal. going up at all. So this matter is also not disposable on summary judgment.

As stated in *Moldea* at p. 1150:

"…case of this sort in which the truth or falsity of multiple statements are presented as questions of fact for the jury, it is the jury's province to determine whether the publication was sufficiently false so as to have defamed the Plaintiff. "

To decide otherwise would deprive a Plaintiff of his right to a jury trial . Id at 1142.

"It is only when a court can say that the publication is not reasonably capable of any defamatory meaning and cannot reasonably be understood in any defamatory sense that it can rule as a matter of law that it was not libelous."
*White v. FOP*, 909 F.2d 5128 (quoting *Levy v. Amer. Mutual Ins. Co.*, 196 A. 2d 475, 476 (DC 1964); see also *Liberty Lobby v. Dow Jones*, 838 F. 2d at 1294 (also citing *Levy*)

"Assuming a statement is reasonably capable of a defamatory meaning, the trier of fact must determine if it "was actually understood by the recipient in that sense", *White* at 519, *Tavolarous v. Piro*, 817 F. 2d 762 (DC Cir [en banc]).

Further at *Moldea* at 1147, summary judgment inappropriate if:
[fact]"…verifiable and that a reasonable juror could conclude that it is false".

9

In *Masson v. New Yorker Magazine, etal.*, 501 U.S. 496 (1991), at 525:
"A material difference exists between the quotation and the tape recorded statements, and a jury could find that the difference exposed petitioner to contempt, ridicule or obliquoy";

And at p. 576:
"But if reasonable jurors could conclude that this deliberate misquotation was libelous, the case should go to the jury"

Still further on that page the U.S. Supreme Court points out:
"...In the one case, the court is measuring the difference from its point of view, in the other it is asking how the jury, would or could view the erroneous attribution."

In the instant case, this principle applies to the complained-of [publications, including both the "sleeping on top of..." and the false quote from the article that the *Crossan* court had found that "each and every count was <u>found to be without merit</u>". **<u>The *Crossan* court did not make any such finding or ever comment as such or even use the term "merit".</u>**

The fact that this was published as such proves Schulte's stupidity and/or negligence and vicious attorney DiMatteo's malice, the source for this defamatory intentional falsehood quote constituting libel *per se* against a professional.

This Court does not have the right in this jury-demand case at this stage to grant summary judgment as there are disputed material facts averred, on some claim that, in its opinion, that the falsities are "minor inaccuracies", rather than the serious admitted lies that they are.

Also see *Masson* at 527

"But if reasonable jurors could conclude that the deliberate misquotation was libelous, the case should go to the jury."

Also at p. Id. p. 526, third paragraph:
"That there was at least an issue for the jury."
At *Id*, p. 498:
"...differ materially in meaning...so as to create an issue of fact for a jury as to falsity".[4]
*Masson*, at p. 520, rejects any freedom to make false quotes without liability. Also see *Milkovich v. Lorain Journal Co.*, 497 U.S. 1 (1990).

---

[4] There seems to be an overabundance of "intellectual gigolos" - not just as alleged in *Masson*.

10

Plaintiff has met his evidentiary burden under F.R. Civ. P. 56 of averring and submitting evidence as to material disputed facts. Facts as to Defendants' fault were the subject of Plaintiff's issued discovery, which this court blocked for no valid reason.

To permit a judge in a jury demand case to be able to void Rule 56 ( c ) and its requirements by, in his opinion, calling the disputed material facts, here the published exact quotes in the Defendants' publications, "minor inaccuracies" would deprive a party of his right to trial (to establish facts) by jury—which Rule 56 was not meant to do. Also see Civ. Rule 1 which supercedes Rule 56. Such can not stand; whatever the demanded jury says is true and/or whatever it "finds" is "true" or even "minor", is the jurisprudential factual determination -- NOT what another, including a presiding official in a jury case, says[5].

### Re: "FAIR REPORTING"

As one example disproving that there was "fair reporting is the matter of others similarly situated. While the article mentioned that the County had done the same to 18 places (including Plaintiff's) in the year before the raid on Plaintiff's unit, WP's Schulte failed to follow up on any of the other 17 in order to have any semblance of "fair and balanced".

### Re: "FALSE LIGHT"

The Court incorrectly decides against Plaintiff on his "false light" claim, based on its misinterpretation of the appropriate District of Columbia law. **Under said law and caselaw there is no requirement that there be a "publication of private facts"**, only that:

> "One who falsely gives publicity to a matter concerning another that places the other in a false light is subject to liability to the other for invasion of his privacy if the false light in which the other was placed would be highly offensive to a reasonable person,

---

[5] It is hoped and right that such official should disclose each and every out-of-the record communication, *ex parte*, communication with any other, including any other judge of any jurisdiction, including the *Crossan* judge, that has taken place. Early on this court denied proper discovery, indicating some sort of pre-judgement bias.

11

and had knowledge of or acted in reckless disregard as to the falsity of the privileged matter and the false light in which the other would be placed."

*Vassilides v. Garfinckel's*, 492 A.2d 580 (D.C. 1985); *White*, 909 F.2d 522, Rest. Torts Libel Sec. 652E; all cited in *Moldea v. New York Times*, 15 F.3d 1137 (1994) at 1150, 1151.

So there is no basis to dismiss Plaintiff's false light claim, regardless of how they obtained the photo (noting that they did not publish the incriminating photo of social worker for Crossan Hughes in a HAZMAT outfit trespassing and criminally in Plaintiff's bedroom photo).

<u>Re: Dismissal of DiMatteo/Curtius Without Prejudice</u>

Plaintiff is at a loss to understand the apparent tricky logic of its decision. Plaintiff is entitled to a dismissal without prejudice against them with the Rule 41 provision that if he re-files that he need reimburse such parties for their previous costs and certain fees. Plaintiff, in said Motion To Dismiss Without Prejudice (Document 28) at p. 4 specifically invokes Rule 41 (a). In this case there are no attorney fees as they claim municipal immunity and were in effect *pro se*. In any event, that has nothing to do with Plaintiff's right to a dismissal without prejudice.

Re: Unrelated-- Prospective Counsel

Plaintiff was in the process of retaining Fairfax trial attorney S. A. to represent him in this matter when the August 19, 2008 Order was issued. In any event Plaintiff was going to have a trial attorney handle trial matters.

A proposed Order is attached.

Respectfully submitted,

*Samuel Shipkovitz*
Samuel Shipkovitz
Plaintiff *pro se*
5829 Nicholson Street
Pittsburgh, PA 15217
Local Mailing:   P.O. Box 2961
    Address    Arlington, VA 22202

12

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SAMUEL SHIPKOVITZ, )
)
       Plaintiff, )
)
vi. ) Civil Action No. 07cv1053
)   (RCL)
)
THE WASHINGTON POST COMPANY, etal., )
)
       Defendants. )
)

## ORDER

UPON CONSIDERATION of PLAINTIFF'S MOTION TO AMEND/ALTER/MODIFY THE COURT'S ORDER OF SUMMARY JUDGMENT FOR DEFENDANT THE WASHINGTON POST COMPANY, ET AL. OF AUGUST 19, 2008, any opposition thereto, and the record herein,
    it is this __ day of _____, 200_

    HEREBY ORDERED
that said Motion of Plaintiff is GRANTED, and it is

    FURTHER ORDERED that the Court's Order of August 19, 2008 is WITHDRAWN, and it is

    STILL FURTHER ORDERED that the Plaintiff's Motion To Dismiss Defendants DiMatteo and Curtius without prejudice is GRANTED, but subject to the refiling requirements of F.R. Civ. P. Rule 41.

    SO ORDERED.

                                                    United States District Judge

Copies To:
Samuel Shipkovitz
P.O. Box 2961
Arlington, VA 22202
& 5829 Nicholson Street
  Pittsburgh, PA 15217

Jonathan Kravis, Esq.
Williams & Connolly
725 12th Street, N.W.
Washington, D.C. 20005

Ara Tremblian, Esq.
Deputy County Attorney of Arlington County
2100 Clarendon Blvd., #401
Arlington, VA 22201